1  John C. Wynne (Bar No. 83041)
   Elizabeth Burke Vann (Bar No. 249252)
2  **DUCKOR SPRADLING METZGER & WYNNE**
   A Law Corporation
3  3043 4th Avenue
   San Diego, California 92103
4  (619) 209-3000; (619) 209-3043 fax

5  Attorneys for Defendants

6

7

8  UNITED STATES DISTRICT COURT

9  SOUTHERN DISTRICT OF CALIFORNIA

10

11  Barbara E. Pate, an individual,        CASE NO. **08 CV 0587 BEN RBB**

12           Plaintiff,                     NOTICE OF REMOVAL OF ACTION;
                                            UNDER 28 U.S.C. SECTION 1441(B)
13      v.                                  (FEDERAL QUESTION)

14  Elizabeth Hospice, Inc., a California   Date:    March 28, 2008
    Corporation; and Does 1-10 Inclusive,
15
             Defendants.
16

17

18      TO THE CLERK OF THE ABOVE-ENTITLED COURT;

19      PLEASE TAKE NOTICE that Defendant ELIZABETH HOSPICE, INC. hereby removes

20  to this Court the state court action described below.

21      1.  On November 2, 2007 an action was commenced in the Superior Court of the State of

22  California in and for the City and County of San Diego, entitled *Barbara E. Pate, an individual,*

23  *Plaintiff, v. Elizabeth Hospice, Inc., a California Corporation; and Does 1-10, Inclusive,*

24  *Defendants,* as case number 37-2007-00069342-CU-OE-CTL.   A copy of the Summons and

25  Complaint initiating the state court action is hereto attached as Exhibit "A".

26      2.  Service of the summons and complaint was effectuated on Defendant Elizabeth

27  Hospice, Inc. on February 28, 2008.  A copy of the Notice and Acknowledgement of Receipt is

28  hereto attached as Exhibit "B".

DUCKOR
SPRADLING
METZGER
& WYNNE

381366.1 NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. SECTION 1441(B) (FEDERAL QUESTION)

ORIGINAL

1       3.  This action is a civil action of which this Court has original jurisdiction under 28

2    U.S.C. Section 1331, and is one which may be removed to this Court by Defendant pursuant to

3    the provisions of 28 U.S.C. Section 1441(b) in that it arises under The Americans with

4    Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq.

5       4. No other defendant has been served with the summons and complaint and thus there is

6    no other defendant party to join in this Notice of Removal.

7

8    DATED: March 28, 2008          DUCKOR SPRADLING METZGER & WYNNE

9                              A Law Corporation

10

11                    By:

12                        JOHN C. WYNNE

13                        ELIZABETH BURKE VANN
                              Attorneys for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "A"**

**SU  .IONS**
*(CITATION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ELIZABETH HOSPICE, INC., a California Corporation;
and DOES 1 through 10, inclusive

F I   L   E D
Clerk of the Superior Court

JUN 2 7 2007

By_____,Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BARBARA E. PATE, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se le entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es)*: Superior Court of the State of California 330 W. Broadway Street 330 W. Broadway Street San Diego, California 92101 Central Division | CASE NUMBER: 37-2007-00069342-CU-OE-CTL *(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard I. Cotter                    (619)243-9295    (619)255-3039
Law Offices of Richard I. Cotter
3451 Goldfinch Street

D. SMITH

DATE:        JUN 27 2007                        Clerk, by _____, Deputy
*(Fecha)*                                       *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  *Elizabeth Hospice, Inc*

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☒ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

F I L E D
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

JUN 2 7 2007

CLERK - SUPERIOR COURT
SAN DIEGO COUNTY, CA

1   RICHARD COTTER, ESQ. SBN 237479
    3451 Goldfinch Street
2   San Diego, California 92103
    Telephone (619) 243-9295
3   Facsimile (619) 255-3939

4   Attorney for Plaintiff Barbara Pate

5

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN DIEGO, CENTRAL DIVISION

                                                37-2007-00069342-CU-OE-CTL

10  BARBARA E. PATE, an individual,          CASE NO.

11            Plaintiff,                      COMPLAINT FOR FAILURE TO
                                             REASONABLY ACCOMMODATE AN
12       v.                                  EMPLOYEE WITH A DISABILITY;
                                             DISPARATE TREATMENT OF AN
13  ELIZABETH HOSPICE, INC., a California    EMPLOYEE WITH A DISABILITY;
    Corporation; and DOES 1-10 INCLUSIVE,    WRONGFUL CONSTRUCTIVE
14                                           TERMINATION OF A PERSON WITH A
              Defendant.                      DISABILITY
15
                                             Complaint filed:
16                                           Dept:
                                             Judge:
17

18

19

20

21  COMPLAINT

        Plaintiff, BARBARA E. PATE, alleges as follows:

22      1.   Plaintiff is an individual and all times relevant, was a resident of the County of

23           San Diego, State of California.

24      2.   Plaintiff is informed and believes that Defendant, ELIZABETH HOSPICE,

25           INCORPORATED(hereinafter "ELIZABETH HOSPICE") is incorporated under

26           the laws of the State of California, with its office and principle place of business

27           located at 150 W. Crest Street, Escondido, California 92025.

28

                              COMPLAINT
                                   1

3. Plaintiff is ignorant of the true names and capacities of the defendant sued herein as DOES 1 through 10 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

4. Plaintiff is informed and believes and based thereon alleges that each of the defendants is responsible in some manner for the events herein alleged, and that defendants' conduct was and is the legal and proximate cause of plaintiff's damages.

5. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned each of the defendants was the agent and employee of each of the remaining defendants, and was at all times acting within the purpose and scope of such agency and employment.

6. A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") on February 5, 2007, within 300 days of the commission of the unlawful employment practice alleged herein.

7. Plaintiff is informed and believes that EEOC, in accordance with California Government Code § 12960, referred EEOC charge number 488-200700244 to California Department of Fair Employment and Housing ("DFEH") on February 6, 2007.

8. Plaintiff is informed and believes that pursuant to California Government Code § 12965(b), DFEH issued a Notice to Complainant of Right to Sue on February 6, 2007.

9. A Notification of Right to Sue was received from the EEOC on March 30, 2007.

10. This complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

11. All the discriminatory employment practices alleged herein were committed within the state of California.

12. Plaintiff is informed and believes that ELIZABETH HOSPICE regularly employs more than five employees and is an "Employer" within the meaning of California Government Code § 12926(d).

13. Plaintiff is a qualified individual with a disability within the meaning of California Government Code § 12926. During 2001 Plaintiff was diagnosed with Chronic Fatigue Syndrome and Fibroid Myalgia. Plaintiff informed ELIZABETH HOSPICE at the time of her hire that she had been diagnosed with these disabilities.

## STATEMENT OF FACTS

14. On December 15, 2003, Plaintiff was hired by ELIZABETH HOSPICE and worked as a full time until _____.

15. While employed by ELIZABETH HOSPICE, Plaintiff worked as a Medical Social Worker. Plaintiff fully, adequately and completely performed all of her job duties.

16. Between December 15, 2003 and April 10, 2004, Plaintiff worked from home for a portion of her scheduled shift. Plaintiff worked from home with the knowledge and consent of two supervisors. Plaintiff worked at home to complete paper work and make telephone calls. Plaintiff generally started her shift from home.

17. April 10, 2004, Plaintiff transferred to a new position as an Admissions Social Worker. Plaintiff worked from home on multiple occasions for a portion of her shift. Plaintiff worked from home with knowledge and consent of two supervisors. Plaintiff completed paper work and made telephone calls from home.

18. Plaintiff's medical condition limited her major life activities; Plaintiff suffered from almost constant pain throughout her body; decreased ability to concentrate; frequent headaches; reduced physical stamina and fatigue; non-restorative sleep; and impaired memory. During June 2004-December 2004 Plaintiff was under increasing stress because of Plaintiff's disability, during June 2004-December 2004, plaintiff utilized her sick-leave exceeding the sick leave allowance dictated by ELIZABETH HOSPICE.

19. On January 5, 2005, Defendant ELIZABETH HOSPICE supervisors issued a Verbal Warning Counseling Statement regarding Plaintiff's use of sick time leave during June-December 2004.

20. On January 10, 2005, Admissions Supervisor, Veronica Giron-Stone gave Plaintiff her annual performance evaluation. Ms. Giron-Stone informed Plaintiff that she needed to start her shift from the office instead of working from home. Ms. Giron-Stone indicated on the evaluation that Plaintiff needed to start from home secondary to noise and distraction in the workplace.

21. Plaintiff filed for Medical Leave of Absence June 8, 2006 related to stress and increasing symptoms related to Plaintiff's disability. Upon release from Medical Stress leave November 14, 2006 Plaintiff was informed that the only position available to her was a week-end per-diem MSW. The weekend per-diem position required her to be available 24 hours a day from Friday evening through Monday morning.

## FIRST CAUSE OF ACTION

## DISPARATE TREATMENT OF A PERSON WITH A DISABILITY

### Against All Defendants

22. Plaintiff refers to incorporates paragraphs 1 through 21 of the Complaint.

23. On January 13, 2005, Plaintiff's treating physician submitted a letter formally requesting reasonable accommodations for Plaintiff's disability. The accommodations were to allow the plaintiff to work from home whenever feasible; plaintiff's work week be limited to forty (40) hours per week; and on-call time and regular work time should be limited to no more than 40 hours per week.

24. On or about January 21, 2005, Jackie Siminou, RN, BSN, contacted Plaintiff's treating physician, Dr. Stewart, and then summarized in a letter dated January 21, 2005, the accommodations that are requested for Plaintiff. The accommodations requested were if possible less than a 40 hour work week and work from home when ever possible.

COMPLAINT
4

25. On January 28, 2005, Plaintiff was requested by Laura Miller, CEO, to attend a meeting reviewing the request for accommodations that had been submitted. In response to the meeting request, Plaintiff, sent her supervisor, Ms. Giron-Stone, a letter indicating that there were no specific tasks that were required Plaintiff to be present in office. A copy of the American with Disabilities Act was provided to Ms. Giron-Stone.

26. On February 1, 2005, CEO, Laura Miller, presented Plaintiff with a contract detailing expectations. The contract stated that Plaintiff knew of the job responsibilities when she accepted the terms of the positions duties. In addition they allowed for modification of plaintiff's work day to 6 hours per day. Plaintiff would be expected to perform her share of on-call. The position Plaintiff held was a no work from home position. Plaintiff requested that a quite work space with limited distractions be provided instead of work from home. During the meeting Laura Miller asked why Plaintiff had no mentioned the medical condition pre-employment. During pre-employment physical in 2003 physician was informed of Plaintiff's diagnosis. In addition, Plaintiff informed that other staff similarly classified were allowed to work from home.

27. On May 28, 2005, a follow-up meeting was scheduled and attended by Andrea Goodwin, HR Director, Veronica Giron-Stone, and Jackie Siminou. Plaintiff requested Lois Mills-Brogan, LCSW to be present a the meeting but plaintiff was denied this request without explanation. At this time, no quite workstation had been provided as promised. Again, Plaintiff requested to work from home completing paper work and making telephone calls for approximately.

28. January 2005, Plaintiff sustained a fall in the her assigned office. On May 31, 2005, due to increasing pain as a result of the fall in the office, Plaintiff went on workers compensation leave. Plaintiff returned to work on October 5, 2005. Upon return to work Plaintiff was transferred to a different position. During January 2006, Plaintiff's previous Admissions MSW position became available. By March

2006 Plaintiff had returned to full time (40 hours) per week with no accommodations being provided despite agreement to provide a quite disruption free work station.

29. Andrea Goodwin, Director of HR, indicated that working from home would be allowed for at least 2 hours a day and should not be a problem. Plaintiff continued to work full time in the hospital despite the promise. Other MSW or similarly classified individuals were allowed to work from home to complete paper work.

30. Individuals who covered for Plaintiff's position while she was out sick or off were allowed to complete all or part of their shift from home. Elieen Fagan, LCSW, who covered for Plaintiff would work per phone on all cases needing her involvement. On May 8, 2006, Plaintiff was denied the opportunity to work from home from 5:30-7:00 p.m.

31. Plaintiff's medical symptoms were increasing and Plaintiff was scheduled an appointment with her physician urgently on May 18, 2006 for the following day May 19, 2006. Plaintiff requested personal leave for the physician's appointment but supervisor Beth Nido denied the request. There were at least two other MSW that cover for Plaintiff's time off that could have been utilized. The same supervisor allowed an RN to attend non-medical appointment during the same time period.

32. Registered Nurses were allowed to work from home during this same period. Even though Plaintiff was given verbal approvals that

## SECOND CAUSE OF ACTION

## FAILURE TO ACCOMMODATE A PERSON WITH A DISABILITY

### All Defendants

33. Plaintiff refers to incorporates paragraphs 1 through 21 and 23 through 32 of the Complaint.

34. When the Plaintiff returned to her previous position of Admission MSW, in January 2006. No accommodations were followed. In addition, the agreement was

not followed. Plaintiff's work hours gradually increased back to 40 hours per week. Defendants still had not provided a regular quiet and distraction free workspace.

35.  Plaintiff discussed with Beth Nido staying home for two hours in the beginning of shift. The burden was placed on Plaintiff to locate coverage in the hospitals for the two hours Plaintiff would be out of the office. Plaintiff was never able to work from home.

36.  On at least two occasions in May and June 2006, Plaintiff attempted to work from home and was subject to repeated telephonic harassment by her supervisor Nido. Other MSW covering for Plaintiff worked from home without permission nor suffered with harassing telephone calls.

37.  Despite Plaintiff's request, ELIZABETH HOSPICE has refused to make reasonable accommodation to Plaintiff by not providing a shortened work day; not providing a quiet distraction free work area; grant time off for medical appointments related to plaintiff's disability.

38.  ELIZABETH HOSPICE'S  failure to make reasonable accommodation to Plaintiff's physical disability constitutes discrimination against Plaintiff with respect to the terms, conditions, or privileges of employment. ELIZABETH HOSPICE'S actions constitute a violation of Cal. Gov. Code Section 12940.

39.  ELIZABETH HOSPICE has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff.

40.  In failing to make reasonable accommodation to Plaintiff's physical disability ELIZABETH HOSPICE'S acted with malice or with reckless indifference to the rights of Plaintiff.

41.  As a direct and proximate result of ELIZABETH HOSPICE'S discrimination on the basis of disability, Plaintiff has suffered lost wages and benefits and lost employment opportunities (promotions).

42.   Defendant's failure to make reasonable accommodation to Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

### THIRD CAUSE OF ACTION

### WRONGFUL CONSTRUCTIVE TERMINATION BASED ON DISABILITY DISCRIMINATION

### Against All Defendants

43.   Plaintiff refers to incorporates paragraphs 1 through 21; 23 through 32; and 34 through 42 of the Complaint.

44.   Plaintiff because of her disability was unable to accept 24 hour week-end per diem position because of the detrimental affect upon her health.

45.   Defendants knew of the intolerable working conditions. Defendants purposefully created, engaged in and perpetuated the intolerable working conditions. Defendants were aware at all times of the adverse and deleterious effect of the intolerable working conditions on plaintiff and her health.

46.   Defendants were aware of plaintiff's work-related disability. Plaintiff Barbara Pate's treating physician, Dr. Stewart, kept the defendants informed of plaintiff's physical condition.

47.   The intolerable working conditions described herein were unusually aggravated and of a frequency as to be a continuous and ongoing pattern.

48.   Because of the intolerable working conditions purposefully created and perpetuated by defendants, and defendants' refusal to provide reasonable accommodation to plaintiff Barbara Pate has been unable to return to work.

49.   The defendants retaliated, and continue to retaliate, against plaintiff Barbara Pate because of her work-related disability. The defendants discriminated, and continue to discriminate, against the plaintiff by refusing minimal and reasonable

accommodation requests.

50.   Plaintiff Barbara Pate's inability to return to work is the direct result of defendants' discriminating against plaintiff because of her work-related disability, and was and is employer coerced.

51.   Defendants' conduct constitutes wrongful constructive discharge of plaintiff Barbara Pate.

52.   There was no good cause for the wrongful constructive discharge of plaintiff Barbara Pate.

53.   Plaintiff Barbara Pate has at all times apprised the defendants of her desire to work, and her ability to work, with the following reasonable accommodation: a shortened work week, or work from home, or provide a quiet distraction free work-station, and allow for time off for physician appointments that cannot be anticipated.

### RELIEF REQUESTED

Plaintiff requests the judgment of this Court against Defendant ELIZABETH HOSPICE as follows:

54.   Find and hold that Plaintiff has suffered from Defendant's acts of discrimination on the basis of disability;

55.   Order that Plaintiff be awarded the back pay She would have earned, with related monetary benefits and interest thereon, had she been reinstated to her position as a Admissions MSW on November 14, 2006.

56.   Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

57.   Award Plaintiff her attorney fees, including litigation expenses, and the costs of this action; and

58.   Grant such other and further relief as may be just and proper.

59.   Plaintiff demands trial by jury.

1

2

3    Dated: June 27, 2007

4                                                      _____
                                                       Richard I. Cotter, Esq.
5                                                      Attorney for Barbara E. Pate

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "B"**

*Eliz Hosp 415.30 + Pleadg 2/28*

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Richard J Cotter, SBN 237479 <br> Law Offices of Richard Cotter <br> 3451 Goldfinch Street <br> San Diego, CA 92103 <br><br> TELEPHONE NO.: (619) 243-9295          FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* Plaintiff, Barbara E. Pate | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway Street
MAILING ADDRESS: 330 W. Broadway Street
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

PLAINTIFF/PETITIONER: Barbara E. Pate

DEFENDANT/RESPONDENT: Elizabeth Hospice

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> 37-2007-00069342-cu-oe-ctl |
|---|---|

TO *(insert name of party being served):* *Elizabeth Hospice Inc.*

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: *Hand Delivered*

*Richard I Cotter*
_____          ▶ _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
   Civil Cover Sheet
   Notice of case assignment

*(To be completed by recipient):*

Date this form is signed: **2·28·08**

*JOHN C. WYNNE*
_____          ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

*attorney for Elizabeth Hospice, Inc.*

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure, <br> §§ 415.30, 417.10 <br> www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.USCourtForms.com

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Richard J Cotter, SBN 237479<br>Law Offices of Richard Cotter<br>3451 Goldfinch Street<br>San Diego, CA 92103<br><br>TELEPHONE NO.: (619) 243-9295    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, Barbara E. Pate | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego | |
|---|---|
| STREET ADDRESS: 330 W. Broadway Street | |
| MAILING ADDRESS: 330 W. Broadway Street | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central Division | |

| PLAINTIFF/PETITIONER: Barbara E. Pate | |
|---|---|
| DEFENDANT/RESPONDENT: Elizabeth Hospice | |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2007-00069342-cu-oe-ctl |
|---|---|

TO (insert name of party being served): *Elizabeth Hospice Inc.*

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: *Hand Delivered*

*Richard J Cotter*
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other (specify):

Civil Cover Sheet
Notice of case assignment

(To be completed by recipient):

Date this form is signed: **2.28.08**

*JOHN C. WYNNE*
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

*attorney for Elizabeth Hospice, Inc.*

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

John C. Wynne, Esq. (SBN 83041)
DUCKOR SPRADLING METZGER & WYNNE
3043 4th Avenue
San Diego, CA 92103
(619) 209-3000

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA E. PATE, an individual<br><br>        Plaintiff<br><br>        v.<br><br>ELIZABETH HOSPICE, INC., a California corporation; and DOES 1-10 Inclusive,<br><br>        Defendant | No.:<br><br>**DECLARATION OF SERVICE**<br><br>Person Served:<br><br>    Richard I Cotter, Esq.<br>    3451 Goldfinch Street<br>    San Diego, CA 92103<br><br>Date Served:<br><br>    March 28, 2008 |

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above-named person the following documents:

### NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B)

in the following manner:

check one)

1) ☐    By personally delivering copies to the person served.

2) ☐    By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid), copies to the person served at the place where the copies were left.

3) ☐    By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4) ☒    By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at San Diego, California, on March 28, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____March 28, 2008___, at San Diego, California.

                                 Laura L. Van Story

mc 484
civ/crim 27 (5-82)

CSD-27

# ORIGINAL

John C. Wynne (Bar No. 83041)
Elizabeth Burke Vann (Bar No. 249252)
**DUCKOR SPRADLING METZGER & WYNNE**
A Law Corporation
3043 4th Avenue
San Diego, California 92103
(619) 209-3000; (619) 209-3043 fax

Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barbara E. Pate, an individual, | CASE NO.: **'08 CV 0587 BEN RBB** |
| Plaintiff, | CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT |
| v. | |
| Elizabeth Hospice, Inc., a California Corporation; and Does 1-10 Inclusive, | Date:    March 28, 2008 |
| Defendants. | |

I, Laura L. Van Story, certify and declare as follows:

I am over the age of 18 years and not a party to this action.

My business address is 3043 4th Avenue, San Diego, California 92103, which is located in the city, county and state where the mailing described below took place. On March 28, 2008, I deposited in the United States Mail, a copy of the Notice to Adverse Party of Removal to Federal Court dated March 28, 2008, a copy of which is attached to this Certificate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 28, 2008.

_____
Laura L. Van Story

DUCKOR
SPRADLING
METZGER
& WYNNE

381448.1                        Certificate of Service of Notice to Adverse Party of Removal to Federal Court

ORIGINAL

John C. Wynne, Esq. (SBN 83041)
DUCKOR SPRADLING METZGER & WYNNE
3043 4th Avenue
San Diego, CA 92103
(619) 209-3000

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA E. PATE, an individual<br><br>Plaintiff<br><br>v.<br><br>ELIZABETH HOSPICE, INC., a California corporation; and DOES 1-10 Inclusive,<br><br>Defendant | No.:<br><br>**DECLARATION OF SERVICE**<br><br>Person Served:<br><br>    Richard I Cotter, Esq.<br>    3451 Goldfinch Street<br>    San Diego, CA 92103<br><br>Date Served:<br><br>    March 28, 2008 |

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above-named person the following documents:

### CERTIFICATE OF SERVIE OF NOTICE OF ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

in the following manner:

check one

1) ☐    By personally delivering copies to the person served.

2) ☐    By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid), copies to the person served at the place where the copies were left.

3) ☐    By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4) ☒    By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at San Diego, California, on March 28, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ March 28, 2008 _____, at San Diego, California.

Laura L. Van Story

mc 484
civ/crim 27 (5-82)

CSD-27

# ORIGINAL

**CIVIL COVER SHEET**

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
BARBARA E. PATE, an individual

**DEFENDANTS**
ELIZABETH HOSPICE, INC., a California corporation

**(b)** County of Residence of First Listed Plaintiff  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'08 CV 0587 BEN RBB**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard I. Cotter, Esq., 3451 Goldfinch Street, San Diego, CA 92103; (619) 243-9295

Attorneys (If Known)
John C. Wynne, Esq., Duckor Spradling Metzger & Wynne, 3043 4th Avenue, San Diego, CA 92103; (619) 209-3000

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
ADA, 42 U.S.C. sections 12101, et seq.
Brief description of cause:
Disability discrimination, failure to accommodate and constructive discharge

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $25,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 03/28/2008
SIGNATURE OF ATTORNEY OF RECORD  John C. Wynne

**FOR OFFICE USE ONLY**
RECEIPT # 14141   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**ORIGINAL**