John C. Wynne (Bar No. 83041)
Elizabeth B. Vann (Bar No. 249252)
**DUCKOR SPRADLING METZGER & WYNNE**
A Law Corporation
3043 4th Avenue
San Diego, California 92103
(619) 209-3000; (619) 209-3043 fax

Attorneys for Defendant
THE ELIZABETH HOSPICE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA E. PATE,<br><br>    Plaintiff,<br><br>v.<br><br>THE ELIZABETH HOSPICE, INC., et al.<br><br>    Defendants. | CASE NO.: 08-CV-0587 BEN RBB<br><br>**DEFENDANT THE ELIZABETH HOSPICE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>[DEMAND FOR JURY TRIAL] |

        In response to the numbered paragraphs of the Complaint, Defendant admits, denies, or otherwise avers as follows:

        1)      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

        2)      Admits that the correct name under which Defendant is incorporated is "The Elizabeth Hospice, Inc."

        3)      This paragraph consists of further characterization of the action, which does not require an answer, but insofar as an answer may be deemed required, deny.

        4)      Deny.

5)    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6)    Admits that Plaintiff filed a charge of discrimination based on disability on .February 5, 2007 with the U.S. Equal Employment Opportunity Commission and denies the remaining allegations contained therein.

7)    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8)    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9)    Admits that the U.S. Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights to Plaintiff on March 29, 2007 and denies the remaining allegations contained therein.

10)    Admits that the Complaint was filed on June 27, 2007 and denies the remaining allegations contained therein.

11)    Deny.

12)    Admit.

13)    Denies first sentence. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence, and on that basis, it is denied. Denies third sentence.

## STATEMENT OF FACTS

14)    Admits that Plaintiff was hired by Defendant on or about November 25, 2003 and began work on or about December 15, 2003 and denies the remaining allegations in said paragraph.

15)    Admits that Plaintiff worked as a Medical Social Worker while employed by Defendant and denies the remaining allegations in said paragraph.

DUCKOR
SPRADLING
METZGER
& WYNNE
A LAW CORPORATION

381422.1

- 2 -
DEFENDANT ELIZABETH HOSPICE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
Case No. 08-CV-00587 BEN RBB

1    16)   Defendant is without sufficient knowledge or information to form a belief as to the
2    truth of the allegations contained in said paragraph, and on that basis, denies each and every
3    allegation contained therein.

4    17)   Admits that Plaintiff transferred to the position of Medical Social Worker (MSW)
5    Admissions on or about April 11, 2005 and sometimes began her shift from home and denies each
6    and every remaining allegation contained therein.

7    18)   Deny.

8    19)   Admits on January 5, 2005 that Plaintiff was verbally counseled regarding taking
9    excessive unscheduled Personal Time Off (PTO) and denies each and every remaining allegation
10    contained therein.

11    20)   Admits first and second sentences. As it regards the third sentence, admit that
12    Ms. Giron-Stone noted under "employee comments" that Plaintiff stated she had been starting her
13    shifts from home due to noise and distractions and denies the remaining allegations of that
14    paragraph.

15    21)   Admits that Plaintiff went on leave on June 8, 2006 in connection with a worker's
16    compensation claim she filed, that Plaintiff was informed in September of 2006 that there were
17    per diem MSW positions open to which she could return, and denies each and every remaining
18    allegation contained therein.

**FIRST CAUSE OF ACTION**

**DISPARATE TREATMENT OF A PERSON WITH A DISABILITY**

21    22)   Defendant herein incorporates its answers, denials and averments made in
22    paragraphs one through twenty-one.

23    23)   Admits that on January 17, 2005, defendant received a letter from Dr. Ryan E.
24    Stewart which was dated January 13, 2005 and indicated that Plaintiff's workweek should be
25    limited to forty hours per week and that it, if possible, was preferable whenever feasible to permit
26    her to work from home, and denies each and every remaining allegation contained therein.

27    / / / /
28    / / / /

1    24)    Admits first sentence. Admit that included in the summary was the possible need
2    to work less than forty hours per week and denies each and every remaining allegation contained
3    therein.

4    25)    Admits that Plaintiff was requested to attend a meeting with Laura Miller, CEO
5    and Jackie Siminou, scheduled for February 1, 2005, to discuss Plaintiff's request for an
6    accommodation, and that Plaintiff provided a letter to her supervisor, Ms. Giron-Stone, on
7    January 28, 2005 which included general information that was not specific to Plaintiff from the
8    website of the Job Accommodation Network regarding accommodating people with fibromyalgia,
9    and denies each and every remaining allegation contained therein.

10    26)    Admits that Defendant and Plaintiff entered into an accommodation agreement for
11    Plaintiff on February 1, 2005 and that the terms included, but were not necessarily limited to, a
12    notation that Plaintiff accepted the terms of the position duties at the time that she signed them,
13    that her work day would be modified to 6 hours per day, that she would be expected to perform
14    her fair share of MSW on-call by participating in the call rotation, and denies each and every
15    remaining allegation contained therein.

16    27)    Admits that a meeting to reevaluate the accommodation agreement was held and
17    attended by Plaintiff, Andrea Goodwin, Veronica Giron-Stone, and Jackie Siminou on May 28,
18    2005 and denies each and every remaining allegation in the first sentence. Admit that Plaintiff
19    requested Lois Mills-Brogan to attend the meeting and denies each and every remaining
20    allegation in the second sentence. Denies third sentence. Admits that during the meeting on May
21    28, 2005, Plaintiff requested to work from home for part of the day.

22    28)    Admits that that on or about May 30, 2005, Plaintiff was placed on Workers'
23    Compensation leave in connection with her claim that in January 2005, she tripped over a
24    wheelchair at Palomar Hospital, that on or about October 5, 2005, Plaintiff returned to work in an
25    equivalent MSW position, and denies each and every remaining allegation contained therein.

26    29)    Deny.
27    / / / /
28    / / / /

DUCKOR
SPRADLING
METZGER
& WYNNE
A LAW CORPORATION

- 4 -

1    30)    Defendant is without sufficient knowledge or information to form a belief as to the

2    truth of the allegations contained in said paragraph, and on that basis, denies each and every

3    allegation contained therein.

4    31)    Defendant is without sufficient knowledge or information to form a belief as to the

5    truth of the allegations contained in said paragraph, and on that basis, denies each and every

6    allegation contained therein.

7    32)    Defendant is without sufficient knowledge or information to form a belief as to the

8    truth of the allegations contained in said paragraph, and on that basis, denies each and every

9    allegation contained therein.

10    ## SECOND CAUSE OF ACTION

11    ## FAILURE TO ACCOMMODATE A PERSON WITH A DISABILITY

12    33)    Defendant herein incorporates its answers, denials and averments made in

13    paragraphs one through twenty-one and twenty-three through thirty-two.

14    34)    Admits that Plaintiff gradually increased her hours since returning from leave to

15    work in October of 2005 and denies each and every remaining allegation contained therein.

16    35)    Admits that Plaintiff sent a request to her supervisor, Beth Nido, on or about

17    March 17, 2006 and denies each and every remaining allegation contained therein.

18    36)    Deny.

19    37)    Deny.

20    38)    Deny.

21    39)    Deny.

22    40)    Deny.

23    41)    Deny.

24    42)    Deny.

25    / / / /

26    / / / /

27    / / / /

28    / / / /

DUCKOR
SPRADLING
METZGER
& WYNNE
A LAW CORPORATION

381422.1

- 5 -
DEFENDANT ELIZABETH HOSPICE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
Case No. 08-CV-00587 BEN RBB

1

### THIRD CAUSE OF ACTION

2

### WRONGFUL CONSTRUCTIVE TERMINATION

3

### BASED ON DISABILITY DISCRIMINATION

4
43)     Defendant herein incorporates its answers, denials and averments made in

5
paragraphs one through twenty-one, twenty-three through thirty-two, and thirty-four through

6
forty-two.

7
44)     Defendant is without sufficient knowledge or information to form a belief as to the

8
truth of the allegations contained in said paragraph, and on that basis, denies each and every

9
allegation contained therein.

10
45)     Deny.

11
46)     Admits that on or about January 17, 2005, Defendant received a letter from

12
Dr. Ryan Stewart which indicated that Plaintiff suffers from chronic fatigue syndrome and

13
fibromyalgia and denies each and every remaining allegation contained therein.

14
47)     Deny.

15
48)     Deny.

16
49)     Deny.

17
50)     Deny.

18
51)     Deny.

19
52)     Deny.

20
53)     Deny.

21

### RELIEF REQUESTED

22
54)     This paragraph consists of characterization of the relief being requested by

23
Plaintiff, which does not require an answer, but insofar as an answer may be deemed required,

24
deny.

25
55)     This paragraph consists of characterization of the relief being requested by

26
Plaintiff, which does not require an answer, but insofar as an answer may be deemed required,

27
deny.

28
/ / / /

DUCKOR
SPRADLING
METZGER
& WYNNE
A LAW CORPORATION

381422.1

- 6 -

DEFENDANT ELIZABETH HOSPICE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
Case No. 08-CV-00587 BEN RBB

56)    This paragraph consists of characterization of the relief being requested by Plaintiff, which does not require an answer, but insofar as an answer may be deemed required, deny.

57)    This paragraph consists of characterization of the relief being requested by Plaintiff, which does not require an answer, but insofar as an answer may be deemed required, deny.

58)    This paragraph consists of characterization of the relief being requested by Plaintiff, which does not require an answer, but insofar as an answer may be deemed required, deny.

59)    This paragraph consists of characterization of the relief being requested by Plaintiff, which does not require an answer, but insofar as an answer may be deemed required, deny.

## AFFIRMATIVE DEFENSES

For a further answer to Plaintiff's complaint and by way of affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

Without admitting any of the allegations contained in the Complaint, Defendant alleges that the Complaint fails to state facts sufficient to constitute any cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

Without admitting any of the allegations contained in the Complaint, Defendant alleges that Plaintiff has failed and refused, and continues to fail and refuse, to take reasonable or adequate steps to mitigate, alter, reduce or otherwise diminish the damages, if any, suffered.  By reason of the foregoing, Plaintiff is barred from any recovery of such damage, if any.

/ / / /

/ / / /

DUCKOR
SPRADLING
METZGER
& WYNNE
A LAW CORPORATION

381422.1

- 7 -

DEFENDANT ELIZABETH HOSPICE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
Case No. 08-CV-00587 BEN RBB

### THIRD AFFIRMATIVE DEFENSE

### (At Will Employment)

The employment of Plaintiff was for an unspecified term and was, therefore, terminable at the will of either Plaintiff or Defendant and could be terminated at any time, with or without cause under Labor Code section 2922.

### FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint and each cause of action contained therein is barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

Upon information and belief, the damages alleged by Plaintiff, if any, were caused by a person or persons or entity or entities other than this answering Defendant.

### SIXTH AFFIRMATIVE DEFENSE

### (Causation of Emotional Distress)

Upon information and belief, if Plaintiff suffered any emotional distress (and Defendant denies that Plaintiff suffered any such distress), this emotional distress was proximately caused by factors other than Plaintiff's employment, and/or the action of Defendant or anyone acting on Defendant's behalf.

### SEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Upon information and belief, Plaintiff is not entitled to any recovery, or is limited in the damages to which she is entitled, pursuant to the doctrine of After-Acquired Evidence, based upon her conduct during and after her employment with Defendant, which subsequently disclosed conduct would have resulted in the termination of her employment with Defendant.

/ / / /

/ / / /

/ / / /

DUCKOR
SPRADLING
METZGER
& WYNNE
A LAW CORPORATION

381422.1

DEFENDANT ELIZABETH HOSPICE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
Case No. 08-CV-00587 BEN RBB

## EIGHTH AFFIRMATIVE DEFENSE

### (No *Prima Facie* Case of Discrimination

### Nor Evidence of Pretextual Conduct and Retaliation)

The complaint fails to state facts sufficient to constitute a cause of action in that Plaintiff cannot establish a *prima facie* case of discrimination, and cannot prove that this answering Defendant's legitimate, non-discriminatory reasons were a pretext for discrimination.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Consent)

Plaintiff is barred from any recovery by the doctrines of waiver, estoppel and consent.

## TENTH AFFIRMATIVE DEFENSE

### (Substantial Business Justification)

Substantial business justification, business necessity or lawful business reasons existed for Defendant's conduct with respect to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Non-Discriminatory Action)

Any actions taken toward Plaintiff by Defendant was undertaken in good faith and motivated by legitimate, non- retaliatory, and legitimate, non-discriminatory reasons.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Entitlement to Punitive Damages)

Plaintiff has failed to allege sufficient facts in order to maintain any claim for punitive damages, in any amount whatsoever, from Defendant.  In any event, any claim for punitive damages is precluded by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution as well as analogous provisions of the Constitution of the State of California.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Vicarious Liability)

Defendant denies that it authorized, ratified, acquiesced in, had knowledge of, had reason to know of, approved of, or directed action by any person or entities, constituting unlawful conduct towards Plaintiff, whether as alleged or otherwise.

DUCKOR
SPRADLING
METZGER
& WYNNE
A LAW CORPORATION

381422.1

DEFENDANT ELIZABETH HOSPICE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
Case No. 08-CV-00587 BEN RBB

1   ### FOURTEENTH AFFIRMATIVE DEFENSE

2   #### (Failure to Exhaust)

3       The Complaint and each of its causes of action are barred by Plaintiff's failure to exhaust

4   her administrative remedies.

5   ### FIFTEENTH AFFIRMATIVE DEFENSE

6   #### (No Retaliation for Protected Activity)

7       Any protected activity engaged in by Plaintiff was not a motivating factor, nor was it

8   causally connected, to any adverse employment action sustained by Plaintiff.

9   ### SIXTEENTH AFFIRMATIVE DEFENSE

10  #### (No Costs)

11      Plaintiff's complaint, and the whole thereof, does not state facts sufficient to enable

12  Plaintiff to plead or recover costs, including attorneys' fees and court costs, or prejudgment

13  interest.

14  ### SEVENTEENTH AFFIRMATIVE DEFENSE

15  #### (No Attorneys' Fees)

16      Defendant alleges that Plaintiff has failed to plead any basis for an award of reasonable

17  attorneys' fees.

18  ### EIGHTEENTH AFFIRMATIVE DEFENSE

19  #### (Judicial Estoppel)

20      Plaintiff's claims are barred, in whole or in part, by the doctrine of judicial estoppel.

21  ### NINETEENTH AFFIRMATIVE DEFENSE

22  #### (Unclean Hands)

23      Upon information and belief, Plaintiff's claims are barred in whole or in part by the

24  doctrine of unclean hands.

25  / / / /

26  / / / /

27  / / / /

28  / / / /

DUCKOR
SPRADLING
METZGER
& WYNNE
A LAW CORPORATION

381422.1

- 10 -
DEFENDANT ELIZABETH HOSPICE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
Case No. 08-CV-00587 BEN RBB

## TWENTIETH AFFIRMATIVE DEFENSE

### (Defendant Entitled to Recover Attorney Fees)

In the event Defendant prevails in this action, it shall be entitled to recover reasonable attorneys' fees for the defense of this matter under the provisions of the Americans With Disabilities Act, California Fair Employment and Housing Act, and California Civil Code Sections 51, 52 and 54.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Emotional Distress)

If Plaintiff suffered any emotional distress (which Defendant denies to have occurred), Defendant neither acted with the requisite intent, nor did it engage in any actions rising to the level of extreme and outrageous conduct necessary to sustain Plaintiff's claims of emotional distress.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Good Cause)

The Complaint and each of its causes of action are banned because all acts of Defendant affecting the terms and conditions of Plaintiff's employment were privileged and done with good cause.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Recovery Contrary to Public Policy)

The conduct of Plaintiff was such that no recovery for any alleged loss may be had by Plaintiff, because such recovery would be contrary to public policy of the State of California and the United States of America.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Disability)

Upon information and belief, Plaintiff did not suffer from a disability as defined under applicable California or federal law.

/ / / /

/ / / /

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Not Qualified Individual)**

Upon information and belief, Plaintiff is not a qualified individual pursuant to applicable California or federal law.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Requested Accommodation Unreasonable)**

The accommodation requested by Plaintiff was unreasonable under the facts of the case and thus was not required under applicable California or federal law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Unable to Perform Essential Job Functions)**

Upon information and belief, Plaintiff was unable to perform the essential functions of her position, with or without reasonable accommodation.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Handicap or Medical Condition Discrimination)**

Upon information and belief, Plaintiff was not subjected to an adverse employment action because of any disability as described in the Americans With Disabilities Act, California Government Code sections 12940, 12926, or otherwise.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Reasonable Accommodation not Required)**

Defendant was not required to make reasonable accommodation pursuant to Government Code section 12940(a) or otherwise.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Reasonable Accommodation)**

Defendant undertook reasonable accommodation with respect to Plaintiff and engaged in a timely good faith interactive process with Plaintiff regarding such accommodation.

/ / / /

/ / / /

/ / / /

1

## THIRTY-FIRST AFFIRMATIVE DEFENSE

2

### (Undue Hardship)

3    Upon information and belief, the making of any reasonable accommodation to any

4    disability of Plaintiff, if any existed, would impose undue hardship upon Defendant.

5

## THIRTY-SECOND AFFIRMATIVE DEFENSE

6    Plaintiff did not request an accommodation as required by State and Federal law.

7

## THIRTY-THIRD AFFIRMATIVE DEFENSE

8

### (Reservation of Other Affirmative Defenses)

9    Defendant presently has insufficient knowledge or information upon which to form a

10    belief as to whether it may have additional affirmative defenses available.  Defendant reserves the

11    right to assert additional affirmative defenses in the event discovery or further analysis indicates

12    that additional unknown or unstated affirmative defenses would be applicable.

13

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

14

### PRAYER

15    WHEREFORE, Defendant prays for relief as follows:

16    1.    That the Complaint be dismissed with prejudice;

17    2.    That Plaintiff takes nothing by way of her Complaint;

18    3.    That Defendant be awarded costs of suit and attorneys' fees; and

19    4.    For such other and further relief as this Court deems just and proper.

20

21    DATED:  April 2, 2008                    DUCKOR SPRADLING METZGER & WYNNE
22                                             A Law Corporation

23

24                                            By: /s/ John W. Wynne
25                                            JOHN C. WYNNE
                                              ELIZABETH B. VANN
26                                            Attorneys for Defendant
                                              THE ELIZABETH HOSPICE, INC.

27

28

DUCKOR
SPRADLING
METZGER
& WYNNE
A LAW CORPORATION

381422.1

- 13 -
DEFENDANT ELIZABETH HOSPICE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
Case No. 08-CV-00587 BEN RBB

1

## DEMAND FOR JURY TRIAL

2      Defendant hereby demands a trial by jury.

3

4    DATED:  April 2, 2008              DUCKOR SPRADLING METZGER & WYNNE
                                        A Law Corporation
5

6

7                                       By: /s/ John C. Wynne
                                            JOHN C. WYNNE
8                                           ELIZABETH B. VANN
                                            Attorneys for Defendant
9                                           THE ELIZABETH HOSPICE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DUCKOR
SPRADLING
METZGER
& WYNNE
A LAW CORPORATION

381422.1          DEFENDANT ELIZABETH HOSPICE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
                                              Case No. 08-CV-00587 BEN RBB