John C. Wynne (Bar No. 83041)
Elizabeth B. Vann (Bar No. 249252)
**DUCKOR SPRADLING METZGER & WYNNE**
A Law Corporation
3043 4th Avenue
San Diego, California 92103
(619) 209-3000; (619) 209-3043 fax

Attorneys for Defendant
THE ELIZABETH HOSPICE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA E. PATE,<br><br>  Plaintiff,<br><br>v.<br><br>THE ELIZABETH HOSPICE, INC., et al.<br><br>  Defendants. | CASE NO.: 08-CV-0587 BEN RBB<br><br>DEFENDANT THE ELIZABETH HOSPICE, INC.'S REPLY IN SUPPORT OF AN AWARD OF SANCTIONS AGAINST PLAINTIFF AND COUNSEL FOR FAILURE TO APPEAR AT EARLY NEUTRAL EVALUATION CONFERENCE<br><br>Judge:       Ruben B. Brooks<br>Action Filed: June 27, 2007<br>Trial Date:   None set |

## I. INTRODUCTION

On May 8, 2008, the court issued an order to show cause for Plaintiff and Plaintiff's counsel explaining why sanctions should not be imposed for their failure to appear at the Early Neutral Evaluation Conference held that day. For reasons set forth herein, pursuant to Fed. R. Civ. Pro. 16, Defendant The Elizabeth Hospice, Inc. ("TEH") respectfully requests that an award of sanctions for the reasonable expenses incurred, including attorney's fees, as a result of this failure be entered against Plaintiff and her attorney, Mr. Richard I. Cotter.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff initiated this action against TEH with the filing of the complaint in the Superior

381744.1

Defendant The Elizabeth Hospice, Inc.'s Reply in Support of an Award of Sanctions
Against Plaintiff and Counsel for Failure to Appear at Early Neutral Evaluation Conference
Case No. 08-CV-0587

1  Court of the State of California on November 2, 2007. On two separate occasions, Plaintiff was ordered to appear to show cause, on November 9, 2007 and again on February 29, 2008, as to why service of the complaint had not yet been effectuated on TEH. *See* Declaration of Elizabeth B. Vann, ¶ 2, attached hereto as Exhibit "A." On February 28, 2008, at Mr. Cotter's request, Attorney John C. Wynne accepted service, via personal delivery by Mr. Cotter, of the summons and complaint. *See* Declaration of John C. Wynne, ¶ 2, attached hereto as Exhibit "B." As evidenced by this Court's records, on March 28, 2008, TEH filed with it a Notice of Removal of Action Under 28 U.S.C. Section 1441(B) and a Certificate of Service of Notice to Adverse Party of Removal to Federal Court. On the same day, TEH filed in the San Diego Superior Court a Notice to Adverse Party of Removal to Federal Court, which advised Plaintiff and her counsel that TEH had removed the matter to the U.S. District Court for the Southern District of California. *See* Vann Declaration, ¶ 4. All of these pleadings were served on Plaintiff by depositing copies, along with the corresponding attachments and certificates of service, in the U.S. Mail on March 28, 2008, to Mr. Cotter at his business address of 3451 Goldfinch Street, San Diego, CA 92103 ("business address"). *Id.* In addition to the foregoing, also evidenced by this Court's records, on April 2, 2008, Defendant served a copy of its Answer and Affirmative Defenses on Plaintiff's counsel via U.S. Mail to Mr. Cotter's noted business address.

After the ENE Conference held on May 8, 2008, counsel for TEH directed correspondence to Mr. Cotter on May 9, 2008 and again on May 14, 2008 via facsimile and U.S. Mail to his business address. *Id.* at ¶ 3. Therein, Mr. Cotter was advised of all deadlines scheduled in this matter and was requested to provide a time when he could meet and confer pursuant to Fed. R. 26(f) on or before Tuesday, May 27, 2008. *Id.* Mr. Cotter has not responded to defense counsel's request for such a date, nor has he provided contact information in lieu of the above-reverenced business address. *Id.* at ¶¶ 3 and 7; *See also*, Wynne Declaration, ¶ 4.

### III. LAW AND ARGUMENT

Under both the Federal Rules of Civil Procedure and the California Code of Civil Procedure, service may be effectuated on a party or their representative by U.S. Mail. More importantly, service by U.S. Mail is deemed complete upon mailing. More specifically, Fed. R.

DUCKOR
SPRADLING
METZGER
& WYNNE

- 2 -
Defendant The Elizabeth Hospice, Inc.'s Reply in Support of an Award of Sanctions
Against Plaintiff and Counsel for Failure to Appear at Early Neutral Evaluation Conference
381744.1                                                                Case No. 08-CV-0587

Civ. Pro. 5(b)(1) provides that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party," and 5(b)(2)(C) explicitly provides that service may be made by "mailing to the person's last known address-in which event service is complete upon mailing; ...." Similarly, Cal.C.C.P. § 1013 provides the following, in relevant part:

> (a) In case of service by mail, the notice or other paper shall be deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service by mail; otherwise at that party's place of residence. The service is complete at the time of the deposit....
>
> (b) The copy of the notice or other paper served by mail pursuant to this chapter shall bear a notation of the date and place of mailing or be accompanied by an unsigned copy of the affidavit or certificate of mailing.

Despite Mr. Cotter's representations that he did not receive any of the papers regarding Defendant's removal of this matter, and that he is in the process of relocating to Orange County, it is incumbent upon him to provide reliable contact information, including a mailing address, where pleadings and other papers can be served by mail. Even if he was unaware of the removal and the ENE conference as claimed, if under the belief that the case remained pending in state court, California Rules of Court Rule 2.200 would have required him, as the designated attorney representative, to serve on all parties and file a written notice of any change of address. *See* Rule 2.200.

Despite the foregoing requirements, and the suspect claim that after nearly two months, he has not received mail that was posted locally, Mr. Cotter has failed to confirm what business address he is currently using, where mail service should be directed in this case, whether he intends to seek admission to this Court so as to continue representing Plaintiff, and whether he intends to comply with the requirement to register to use the Court's electronic filing system upon admission. Moreover, even though he is now most certainly aware that this matter is pending in federal court, and that the parties have been ordered to meet and confer, he has failed to respond

DUCKOR
SPRADLING
METZGER
& WYNNE

381744.1

- 3 -
Defendant The Elizabeth Hospice, Inc.'s Reply in Support of an Award of Sanctions
Against Plaintiff and Counsel for Failure to Appear at Early Neutral Evaluation Conference
Case No. 08-CV-0587

1  to defense counsel's request to do so, or propose any alternative to doing so at this time.

2  Such a response from Mr. Cotter, especially in light of his prior failures regarding service, evidences complete indifference to the civil and procedural rules governing this matter as well as the requisite conduct of counsel when providing legal representation. As a result of such indifference, TEH has incurred the costs of attorney's fees associated with preparation for and attendance of the ENE conference, the filing of this pleading response, and business costs associated with having a representative with the requisite settlement authority from TEH and from its insurance carrier prepare for and attend the ENE conference.

So as to help ensure that such conduct on behalf of Plaintiff's counsel does not continue throughout the life of this matter, and that TEH does not again incur such unnecessary costs, it seeks that Plaintiff and/or Plaintiff's counsel be ordered to reimburse TEH for the reasonable expenses incurred, including attorney's fees, in connection with the preparation and attendance of the ENE Conference. The fees incurred are set forth in detail in the declarations attached hereto. *See* Vann Declaration, ¶¶ 5 and 6, and Wynne Declaration, ¶ 3.

## IV. CONCLUSION

For the above reasons, as supported by the attached declarations and exhibits thereto, TEH submits that an award of sanctions for the reasonable expenses incurred by TEH, including attorney's fees, as a result of the failure of Plaintiff and her attorney, Mr. Cotter, to attend the ENE Conference, is warranted.

DATED: May 23, 2008                    DUCKOR SPRADLING METZGER & WYNNE
                                       A Law Corporation


                                       By: /s/ Elizabeth B. Vann
                                       ───────────────────────────
                                       JOHN C. WYNNE
                                       ELIZABETH B. VANN
                                       Attorneys for Defendant
                                       THE ELIZABETH HOSPICE, INC.

DUCKOR SPRADLING METZGER & WYNNE
A Law Corporation

- 4 -
Defendant The Elizabeth Hospice, Inc.'s Reply in Support of an Award of Sanctions
Against Plaintiff and Counsel for Failure to Appear at Early Neutral Evaluation Conference
381744.1                                                                Case No. 08-CV-0587

## EXHIBITS – TABLE OF CONTENTS

**Exhibit A:**     Declaration of Elizabeth B. Vann ............................................................................... 2

       **Exhibit A1:**     San Diego Superior Court Records pertaining to this matter which were originally filed therein as Case No. 37-2007-00069342-CU-OD-CTL ............................................. 1-2

       **Exhibit A2:**     Correspondence to Mr. Cotter dated May, 9, 2008 and May 14, 2008 from Elizabeth Vann ............................................. 2

       **Exhibit A3:**     Notice to Adverse Party of Removal to Federal Court filed with Superior Court on March 28, 2008 ............................... 2

       **Exhibit A4:**     Copy of Redacted Bill ................................................................. 2-3

**Exhibit B:**     Declaration of John C. Wynne ................................................................................. 2

DUCKOR
SPRADLING
METZGER
& WYNNE

381744.1

- 5 -

Defendant The Elizabeth Hospice, Inc.'s Reply in Support of an Award of Sanctions
Against Plaintiff and Counsel for Failure to Appear at Early Neutral Evaluation Conference

Case No. 08-CV-0587