ORIGINAL

*PATE v. THE ELIZABETH HOSPICE, INC., et al.*
USDC, So. Dist. of CA – Case No. 08-CV-0587 BEN RBB

**Exhibit A** to:
DEFENDANT THE ELIZABETH HOSPICE, INC.'S REPLY IN SUPPORT OF AN AWARD OF SANCTIONS AGAINST
PLAINTIFF AND COUNSEL FOR FAILURE TO APPEAR AT EARLY NEUTRAL EVALUATION CONFERENCE



1  John C. Wynne (Bar No. 83041)
   Elizabeth B. Vann (Bar No. 249252)
2  **DUCKOR SPRADLING METZGER & WYNNE**
   A Law Corporation
3  3043 4th Avenue
   San Diego, California 92103
4  (619) 209-3000; (619) 209-3043 fax

5  Attorneys for Defendant
   THE ELIZABETH HOSPICE, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11  BARBARA E. PATE,                    CASE NO.: 08-CV-0587 BEN RBB

12            Plaintiff,               DECLARATION OF ELIZABETH B. VANN

13       v.                           Judge:      Ruben B. Brooks
                                      Action Filed: June 27, 2007
14  THE ELIZABETH HOSPICE, INC., et al.   Trial Date:   None set

15            Defendants.

16

17

18

19       I, ELIZABETH B. VANN, declare:

20       1.  I am an associate attorney with the law firm of Duckor Spradling Metzger & Wynne,

21  attorneys of record for Defendant THE ELIZABETH HOSPICE, INC. ("TEH") in the above-

22  captioned matter. I have personal knowledge of the facts set forth in this declaration. I make this

23  declaration of my own personal knowledge, and if called as a witness, I could and would testify

24  competently to the matters set forth herein. I offer the following declaration testimony in support

25  of TEH's reply in support of an award of sanctions against Plaintiff and her attorney, Richard I.

26  Cotter, for their failure to appear at the Early Neutral Evaluation ("ENE") Conference.

27       2.  Attached as Exhibit 1 are copies of records obtained from the Clerk of Court of the

28  Superior Court of California, County of San Diego, pertaining to this matter which was originally

ORIGINAL

DUCKOR
SPRADLING
METZGER
& WYNNE

Exhibit A          DECLARATION OF ELIZABETH B. VANN
(1 of 3)                                              Case No. 08-CV-0587

1  filed therein as Case No. 37-2007-00069342-CU-OD-CTL. Specifically, they include 1) a Notice

2  of Hearing of November 9, 2007 to Show Cause regarding the failure to file a Certificate of

3  Service; 2) a November 9, 2007 Minute Order indicating that Mr. Cotter appeared telephonically

4  for the Hearing, ordering service to be filed on or before January 8, 2008, and waiving sanctions;

5  3) a Notice of Hearing of February 29, 2008 to Show Cause regarding the failure to file a

6  Certificate of Service; and 4) a November 29, 2008 Minute Order indicating that the Certificate of

7  Service was filed on that day and waiving sanctions.

8        3.  Attached as Exhibit 2 are copies of correspondence that I directed to Mr. Cotter on

9  May 9, 2008 and May 14, 2008, respectively, via facsimile and U.S. Mail to his business address.

10  Therein, I advised Mr. Cotter of all deadlines scheduled in this matter and requested that he

11  provide a time when he could meet and confer pursuant to Fed. R. 26(f) on or before Tuesday,

12  May 27, 2008. Mr. Cotter has not responded to this request.

13        4.  As evidenced by this Court's records, on March 28, 2008, TEH filed with this Court a

14  Notice of Removal of Action Under 28 U.S.C. Section 1441(B) and a Certificate of Service of

15  Notice to Adverse Party of Removal to Federal Court. On the same day, TEH filed in the San

16  Diego Superior Court a Notice to Adverse Party of Removal to Federal Court, which advised

17  Plaintiff and her counsel that TEH had removed the matter to the U.S. District Court for the

18  Southern District of California. A copy of the state court filing is attached hereto as Exhibit 3.

19  Each of these pleadings were served on Plaintiff by depositing copies, along with the

20  corresponding attachments and certificates of service, in the U.S. Mail on March 28, 2008, to

21  Mr. Cotter at his business address of 3451 Goldfinch Street, San Diego, CA 92103 ("business

22  address"). In addition to the foregoing, on April 2, 2008, Defendant served a copy of its Answer

23  and Affirmative Defenses on Plaintiff's counsel via U.S. Mail to Mr. Cotter's noted business

24  address.

25        5.  I am a 1995 graduate of Capital University Law School. I have practiced as a litigator

26  in state and federal courts for 11 years and have been litigating employment matters since 2003.

27  My standard hourly rate is $250 and that is the rate which TEH is being charged in this matter.

28        6.  A copy of the bill (redacted of any attorney-client privileged communications) for

DUCKOR
SPRADLING
METZGER
& WYNNE
A LAW CORPORATION

Exhibit A
(2 of 3)

- 2 -
DECLARATION OF ELIZABETH B. VANN

Case No. 08-CV-0587

1  services provided by me and Attorney John C. Wynne in connection with the preparation for and

2  attendance of the ENE Conference, as well as the filing of this reply, is attached hereto as Exhibit

3  4.

4      7.  To date, all pleadings, correspondence, or other papers received from Plaintiff's

5  counsel, Richard I. Cotter, in connection with this matter, have indicated that his business

6  address, phone, and facsimile is as follows: 3451 Goldfinch Street, San Diego, CA 92103; phone:

7  (619) 243-9295; fax: (619) 255-3039. Mr. Cotter has never represented that his business address,

8  telephone, or facsimile has changed, or will be changing in the future, nor has he ever requested

9  that papers served in this matter be directed elsewhere or that he be reached by alternative means.

10

11      I declare under penalty of perjury under the laws of the State of California that the

12  foregoing is true and correct. Executed this 23rd day of May, 2008 at San Diego, California.

13

14

15             By: /s/ Elizabeth B. Vann
               ELIZABETH B. VANN

16

17

18

19

20

21

22

23

24

25

26

27

28

DUCKOR
SPRADLING
METZGER
& WYNNE

Exhibit A
(3 of 3)

- 3 -
DECLARATION OF ELIZABETH B. VANN

Case No. 08-CV-0587

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:    330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:    San Diego, CA 92101
BRANCH NAME:    Central
TELEPHONE NUMBER:    (619) 685-6062

| | |
|---|---|
| PLAINTIFF(S) / PETITIONER(S):    Barbara E. Pate | |
| DEFENDANT(S) / RESPONDENT(S):    Elizabeth Hospice Inc. | |
| PATE VS. ELIZABETH HOSPICE INC. | |

| NOTICE OF HEARING | CASE NUMBER: |
|---|---|
| | 37-2007-00069342-CU-OE-CTL |

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above. All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| OSC - Failure to File Certificate of Service | 11/09/2007 | 10:00 am | C-60 | Yuri Hofmann |

The hearing will be cancelled if BOTH of the following occur within 10 days of the hearing date:  1) File the above document; and 2) Stipulate to and pay a sanction in the amount of $50, payable to "San Diego Superior Court", WITH A COPY OF THIS NOTICE, in the IC department to which the case is assigned.  If you are unable to comply with one or both of the above requirements, appearance at the hearing is mandatory.  If more court time is required, additional sanctions may be imposed.

SUPCT CIV-700 (Rev. 12-06)

**NOH - NOTICE OF HEARING**

Exhibit A1
(1 of 4)

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL

## MINUTE ORDER

Date: 11/09/2007                    Time: 10:00:00 AM        Dept: C-60

Judicial Officer Presiding: Judge Yuri Hofmann

Clerk: Sandra Seematter,Grachelle Macedo

Bailiff/Court Attendant: Anthony Quidilla

ERM:

Reporter: not reported
Case Init. Date: 07/02/2007
Case No: 37-2007-00069342-CU-OE-CTL          Case Title: Pate vs. Elizabeth Hospice Inc.

Case Category: Civil - Unlimited        Case Type: Other employment

Event Type: OSC - Failure to File Certificate of Service

**Appearances:**

Richard Cotter appears telephonically for plaintiff.

Certificate of service shall be filed on or before 1/08/08.

Sanction waived.

Date: 11/09/2007                         MINUTE ORDER                              Page: 1
Dept: C-60
                        Exhibit A1                                    Calendar No.: 20
                        (2 of 4)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:     330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:        Central
TELEPHONE NUMBER:  (619) 685-6062

| | |
|---|---|
| PLAINTIFF(S) / PETITIONER(S): | Barbara E. Pate |
| DEFENDANT(S) / RESPONDENT(S): | Elizabeth Hospice Inc. |

PATE VS. ELIZABETH HOSPICE INC.

| NOTICE OF HEARING | CASE NUMBER:<br>37-2007-00069342-CU-OE-CTL |
|---|---|

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above. All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| OSC - Why Case Should Not be Dismissed | 02/29/2008 | 10:00 am | C-60 | Yuri Hofmann |

The hearing will be canceled if one of the following occurs prior to the hearing (California Rules of Court, Rule 225):
1) File a judgment or dismissal (see Superior Court Rules, Division II, if applicable).
2) File for structured settlement/dismissal pursuant to Superior Court Rules, Division II.
3) Transfer case to another court and pay appropriate fees.

If you are unable to comply with any of the above, you must appear. Failure to appear may result in a dismissal of the action on the court's own motion, without further notice to the parties.

SUPCT CIV-700 (Rev. 12-06)                **NOH - NOTICE OF HEARING**                Page: 1

Exhibit A1
(3 of 4)

JPERIOR COURT OF CALIFORNL
COUNTY OF SAN DIEGO
CENTRAL

## MINUTE ORDER

Date: 02/29/2008                    Time: 10:00:00 AM          Dept: C-60
Judicial Officer Presiding: Judge Yuri Hofmann
Clerk: Patricia Ashworth,Grachelle Macedo

Bailiff/Court Attendant: A. Quidilla
ERM:
Reporter:

Case Init. Date: 07/02/2007

Case No: 37-2007-00069342-CU-OE-CTL    Case Title: Pate vs. Elizabeth Hospice Inc.

Case Category: Civil - Unlimited          Case Type: Other employment

Event Type: OSC - Failure to File Certificate of Service

**Appearances:**

see sign-in sheet for appearances

Certificate of service filed today. Sanction waived.

Exhibit A1
(4 of 4)

# DUCKOR
# SPRADLING
# METZGER
# & WYNNE
A LAW CORPORATION

3043 4th AVENUE
SAN DIEGO, CALIFORNIA 92103
TELEPHONE (619) 209-3000
FACSIMILE (619) 209-3043
www.dsmwlaw.com

WRITER'S E-MAIL ADDRESS
vann@dsmwlaw.com

GARY J. SPRADLING
SCOTT L. METZGER
JOHN C. WYNNE
BERNARD L. KLEINKE‡
LI-AN C. LEONARD
K. JILL OSMARS
KEVIN M. BAGLEY*
ANNA F. ROPPO
MICHAEL A. REED
ROBERT M. SHAUGHNESSY
BRYN C. SPRADLING
GEOFFREY C. CHACKEL
KEVIN L. WHEELER
DOUGLAS W. LYTLE
MARISA JANINE-PAGE
ELIZABETH BURKE VANN
SCOTT M. LOHNES**‡
ANNETTE C. CLARK
ROSE M. HUELSKAMP
LAURA E. PEREIRA†

**ADMITTED IN INDIANA ONLY

*CERTIFIED SPECIALIST, TAXATION LAW
STATE BAR OF CALIFORNIA
BOARD OF LEGAL SPECIALIZATION

‡REGISTERED PATENT ATTORNEY

OF COUNSEL:
MICHAEL DUCKOR - Retired
JERRY M. CANNON
TYLER W. CRAMER
JOHN H. QUINN, JR.

May 9, 2008

<u>Via Facsimile and U.S. Mail</u>

Richard I. Cotter, Esq.
3451 Goldfinch Street
San Diego, CA 92103

> Re:   *Barbara Pate v. The Elizabeth Hospice, et al.*
> USDC – So. District Case No. 08-CV-0587 BEN RBB
> Our Client/Matter No.: 3006-006

Dear Mr. Cotter:

This serves to address matters which were the subject of the May 8, 2008, Early Neutral Evaluation Conference that neither you nor your client attended. While we understand that an Order will issue in the immediate future, as a courtesy, we are notifying you that Magistrate Judge Brooks indicated that he will be issuing an Order to Show Cause ("OSC") regarding the failure to appear and also set the following dates:

| | |
|---|---|
| May 19, 2008: | Opposition to OSC due |
| May 27, 2008: | Reply to Opposition to OSC due |
| June 2, 2008: | Parties to confer pursuant to Rule 26(f) |
| June 12, 2008: | Parties to lodge discovery plan |
| June 16, 2008: | Parties to serve initial disclosures |
| June 26, 2008: | 8:30 a.m. - Telephonic Case Management Conference/OSC hearing |

As it regards our obligations to meet and confer pursuant to Rule 26(f), I will be on leave from Wednesday, May 28th until Monday, June 9th and Mr. John Wynne will be in trial for approximately 3 weeks beginning Friday, May 16, 2008. In light of the foregoing, in order to comply with the court's order, we are requesting to meet and confer pursuant to Fed. R. 26(f) on or before Tuesday, May 27, 2008. I am available all of next week to do so. Please call or email me, as listed above, to provide dates and times on which you are available.

DUCKOR SPRADLING METZGER & WYNNE
A LAW CORPORATION

Richard I. Cotter, Esq
May 9, 2008
Page 2

Finally, so as to avoid any unfair surprise, we wanted to confirm that pursuant to the OSC that we understand will issue, we do intend to seek reimbursement of our costs incurred in preparing for and attending yesterday's ENE conference.

Thank you for your attention to the foregoing and I look forward to speaking with you.

Very truly yours,

DUCKOR SPRADLING METZGER & WYNNE
A Law Corporation

By: _____
Elizabeth Burke Vann

EBV:ebv

# DUCKOR
# SPRADLING
# METZGER
# & WYNNE
A LAW CORPORATION

3043 4th AVENUE
SAN DIEGO, CALIFORNIA 92103
TELEPHONE (619) 209-3000
FACSIMILE (619) 209-3043
www.dsmwlaw.com

## FACSIMILE TRANSMITTAL

| To: | FACSIMILE NO.: | TELEPHONE NO.: |
|---|---|---|
| Richard I. Cotter, Esq. | 619.255.3039 | 619.243.9295 |

| | |
|---|---|
| **FROM:** | Elizabeth Burke Vann |
| **RE:** | Barbara Pate v. The Elizabeth Hospice |
| **FILE NO.** | 3006-006 |
| **DATE:** | May 9, 2008 |

### DESCRIPTION OF DOCUMENT, COMMENT OR SPECIAL INSTRUCTIONS:

**See attached letter.**

NUMBER OF PAGES SENT: **3** (including cover sheet)

THE PAGES COMPRISING THIS FACSIMILE TRANSMISSION CONTAIN CONFIDENTIAL INFORMATION FROM DUCKOR
SPRADLING METZGER & WYNNE. THIS INFORMATION IS INTENDED SOLELY FOR USE BY THE INDIVIDUAL OR ENTITY
NAMED AS THE RECIPIENT HEREOF. IF YOU ARE NOT THE INTENDED RECIPIENT, BE AWARE THAT ANY DISCLOSURE,
COPYING, DISTRIBUTION OR USE OF THE CONTENTS OF THIS TRANSMISSION IS PROHIBITED. IF YOU HAVE RECEIVED THIS
TRANSMISSION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO WE MAY ARRANGE TO RETRIEVE THIS
TRANSMISSION AT NO COST TO YOU.

PALM SPRINGS AREA OFFICE: 78-0    **Exhibit A2**    4 DESERT, CALIFORNIA 92211 • TELEPHONE (760) 341-3332 • FACSIMILE (760) 200-1348
(3 of 12)

P. 1

COMMUNICATION RESULT REPORT ( MAY. 9 2008  2:00PM )                        FAX HEADER:  DSM

TRANSMITTED/STORED : MAY. 9. 2008  1:59PM

| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
|---|---|---|---|---|
| 852 MEMORY TX | | 92553039 | OK | 3/3 |

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL          E-2) BUSY
E-3) NO ANSWER                     E-4) NO FACSIMILE CONNECTION

DUCKOR
SPRADLING
METZGER
& WYNNE
A LAW CORPORATION

3043 4th AVENUE
SAN DIEGO, CALIFORNIA 92103
TELEPHONE (619) 209-3000
FACSIMILE (619) 209-3043
www.dsmwlaw.com

## FACSIMILE TRANSMITTAL

| TO: | FACSIMILE NO.: | TELEPHONE NO.: |
|---|---|---|
| Richard I. Cotter, Esq. | 619.255.3039 | 619.243.9295 |

| FROM: | Elizabeth Burke Vann |
|---|---|
| RE: | Barbara Pate v. The Elizabeth Hospice |
| FILE NO.: | 3006-006 |
| DATE: | May 9, 2008 |

DESCRIPTION OF DOCUMENT, COMMENT OR SPECIAL INSTRUCTIONS:

See attached letter.

NUMBER OF PAGES SENT: 3   (including cover sheet)

THE PAGES COMPRISING THIS FACSIMILE TRANSMISSION CONTAIN CONFIDENTIAL INFORMATION FROM DUCKOR SPRADLING METZGER & WYNNE. THIS INFORMATION IS INTENDED SOLELY FOR USE BY THE INDIVIDUAL OR ENTITY NAMED AS THE RECIPIENT HEREOF. IF YOU ARE NOT THE INTENDED RECIPIENT, BE AWARE THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THE CONTENTS OF THIS TRANSMISSION IS PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO WE MAY ARRANGE TO RETRIEVE THIS TRANSMISSION AT NO CO...

PALM SPRINGS AREA OFFICE: 7        Exhibit A2        ALM DESERT, CALIFORNIA 92211 - TELEPHONE (760) 341-3332 - FACSIMILE (760) 200-1348
                                   (4 of 12)

# DUCKOR SPRADLING METZGER & WYNNE
A LAW CORPORATION

3043 4th AVENUE
SAN DIEGO, CALIFORNIA 92103
TELEPHONE (619) 209-3000
FACSIMILE (619) 209-3043
www.dsmwlaw.com

WRITER'S E-MAIL ADDRESS
vann@dsmwlaw.com

GARY J. SPRADLING
SCOTT L. METZGER
JOHN C. WYNNE
BERNARD L. KLENKE‡
LI-AN C. LEONARD
K. JILL OSMARS
KEVIN M. BAGLEY*
ANNA F. ROPPO
MICHAEL A. REED
ROBERT M. SHAUGHNESSY
BRYN C. SPRADLING
GEOFFREY C. CHACKEL
KEVIN L. WHEELER
DOUGLAS W. LYTLE
MARISA JANINE-PAGE
ELIZABETH BURKE VANN
SCOTT M. LOHNES*‡
ANNETTE C. CLARK
ROSE M. HUELSKAMP
LAURA E. PEREIRA‡

*ADMITTED IN INDIANA ONLY
*CERTIFIED SPECIALIST, TAXATION LAW
STATE BAR OF CALIFORNIA
BOARD OF LEGAL SPECIALIZATION

‡REGISTERED PATENT ATTORNEY

OF COUNSEL
MICHAEL DUCKOR – Retired
JERRY M. CANNON
TYLER W. CRAMER
JOHN H. QUINN, JR.

May 14, 2008

<u>Via Facsimile and U.S. Mail</u>

Richard I. Cotter, Esq.
3451 Goldfinch Street
San Diego, CA 92103

      Re:    *Barbara Pate v. The Elizabeth Hospice, et al.*
               USDC – So. District Case No. 08-CV-0587 BEN RBB

Dear Mr. Cotter:

    I recently wrote you to inform you of deadlines that had been set in this matter and to request a time this week to meet and confer with you pursuant to Rule 26(f). A copy of this correspondence is enclosed for your review. Additionally, I have also enclosed a copy of the Court's Order which reiterates the deadlines set forth in my previous correspondence. I note that the Court's docket reveals that its Order has been delivered to you by mail at the address above. As you are likely aware, the U.S. District Court for the Southern District of California has designated that all cases are assigned to the Electronic Filing System and that all attorneys register to use this system. In case you have not already done so, you can obtain more information about the ECF requirements, and registering as a user on the Court's website at http://www.casd.uscourts.gov/cmecf/.

               Very truly yours,

               DUCKOR SPRADLING METZGER & WYNNE
               A Law Corporation

               By:     *Elizabeth Vann*
                     Elizabeth Burke Vann

EBV:dlk
Enclosures
cc (w/encls):  Andrea Goodwin
               Eileen Bird

DUCKOR
SPRADLING
METZGER
& WYNNE
A LAW CORPORATION

3043 4th AVENUE
SAN DIEGO, CALIFORNIA 92103
TELEPHONE (619) 209-3000
FACSIMILE (619) 209-3043
www.dsmwlaw.com

WRITER'S E-MAIL ADDRESS
vann@dsmwlaw.com

GARY J. SPRADLING
SCOTT L. METZGER
JOHN C. WYNNE
BERNARD L. KLEINKE‡
LI-ANG LEONARD
I. JILL OSMARS
KEVIN M. BAGLEY
ANNA F. ROPPO
MICHAEL A. REED
ROBERT M. SHAUGHNESSY
ERYN C. SPRADLING
GEOFFREY C. CHACKEL
KEVIN L. WHEELER
DOUGLAS W. LYTLE
MARISA JANINE-PAGE
ELIZABETH BURKE VANN
SCOTT M. LOHSE*‡
ANNETTE C. CLARK
ROSE M. HUELSKAMP
LAURA E. PEREIRA‡

*ADMITTED IN INDIANA ONLY
‡CERTIFIED SPECIALIST, TAXATION LAW
STATE BAR OF CALIFORNIA
BOARD OF LEGAL SPECIALIZATION
§REGISTERED PATENT ATTORNEY

OF COUNSEL
MICHAEL DUCKOR - Retired
JERRY M. CANNON
TYLER W. CRAMER
JOHN H. QUINN, JR.

May 9, 2008

<u>Via Facsimile and U.S. Mail</u>

Richard I. Cotter, Esq.
3451 Goldfinch Street
San Diego, CA 92103

Re:    *Barbara Pate v. The Elizabeth Hospice, et al.*
        USDC – So. District Case No. 08-CV-0587 BEN RBB
        Our Client/Matter No.: 3006-006

Dear Mr. Cotter:

    This serves to address matters which were the subject of the May 8, 2008, Early Neutral Evaluation Conference that neither you nor your client attended. While we understand that an Order will issue in the immediate future, as a courtesy, we are notifying you that Magistrate Judge Brooks indicated that he will be issuing an Order to Show Cause ("OSC") regarding the failure to appear and also set the following dates:

May 19, 2008:     Opposition to OSC due

May 27, 2008:     Reply to Opposition to OSC due

June 2, 2008:     Parties to confer pursuant to Rule 26(f)

June 12, 2008:    Parties to lodge discovery plan

June 16, 2008:    Parties to serve initial disclosures

June 26, 2008:    8:30 a.m. - Telephonic Case Management Conference/OSC
                  hearing

    As it regards our obligations to meet and confer pursuant to Rule 26(f), I will be on leave from Wednesday, May 28th until Monday, June 9th and Mr. John Wynne will be in trial for approximately 3 weeks beginning Friday, May 16, 2008. In light of the foregoing, in order to comply with the court's order, we are requesting to meet and confer pursuant to Fed. R. 26(f) on or before Tuesday, May 27, 2008. I am available all of next week to do so. Please call or email me, as listed above, to provide dates and times on which you are available.

DUCKOR SPRADLING METZGER & WYNNE
A LAW CORPORATION

Richard I. Cotter, Esq
May 9, 2008
Page 2

Finally, so as to avoid any unfair surprise, we wanted to confirm that pursuant to the OSC that we understand will issue, we do intend to seek reimbursement of our costs incurred in preparing for and attending yesterday's ENE conference.

Thank you for your attention to the foregoing and I look forward to speaking with you.

Very truly yours,

DUCKOR SPRADLING METZGER & WYNNE
A Law Corporation

By: _____
Elizabeth Burke Vann

EBV:ebv

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   BARBARA E. PATE,                    )   Civil No. 08cv0587 BEN(RBB)
                                          )
12               Plaintiff,              )   ORDER FOLLOWING EARLY NEUTRAL
                                          )   EVALUATION CONFERENCE, SETTING
13   v.                                   )   RULE 26 COMPLIANCE AND NOTICE
                                          )   OF CASE MANAGEMENT CONFERENCE
14   ELIZABETH HOSPICE, INC., a           )
     California Corporation; and          )
15   DOES 1-10 INCLUSIVE,                 )
                                          )
16               Defendants.             )
                                        _)

17

18       On May 8, 2008, the Court held an early neutral evaluation

19   conference in the above-entitled action.  Settlement could not be

20   reached in the case.

21       The Court discussed compliance with rule 26 of the Federal

22   Rules of Civil Procedure and issues the following orders:

23       1.  No objections were presented to initial disclosure under

24   Federal Rule of Civil Procedure, rule 26(a)(1)(A-D).  The parties

25   are ordered to proceed with the initial disclosure process.  Any

26   objections to initial disclosure will be resolved as required by

27   rule 26.

28

1      2.  The rule 26(f) conference shall be completed on or before

2 June 2, 2008.

3      3.  A discovery plan shall be lodged with Magistrate Judge

4 Brooks on or before June 12, 2008.

5      4.  The initial disclosures pursuant to rule 26(a)(1)(A-D)

6 shall occur on or before June 16, 2008.

7      5.  A telephonic, attorneys-only case management conference

8 and order to show cause hearing are set for June 26, 2008, at 8:30

9 a.m.  Counsel for Plaintiff is to initiate the call.

10      Plaintiff's(s') counsel shall serve a copy of this order on

11 all parties that enter this case after the date of this order.

12      Failure of any counsel or party to comply with this order may

13 result in sanctions.

14      IT IS SO ORDERED.

15

16 DATED:  May 8, 2008

17                            Ruben B. Brooks
                           United States Magistrate Judge

18 cc:
    Judge Benitez
19 All Parties of Record

20

21

22

23

24

25

26

27

28

Exhibit A2
(9 of 12)

MINUTES OF THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PATE v. ELIZABETH HOSPICE                    Case No. 08cv0587 BEN(RBB)
                                                       Time Spent: _

HON. RUBEN B. BROOKS        CT. DEPUTY VICKY LEE              Rptr.

                            Attorneys
            Plaintiffs                      Defendants

Richard Cotter                      John Wynne (present)
                                    Elizabeth Vann (present)


PROCEEDINGS:  __x__ In Chambers  ____  In Court  ____ Telephonic

An early neutral evaluation conference was held.

An order to show cause was issued for Plaintiff's and Plaintiff's counsel's
failure to appear at today's conference.

A telephonic, attorneys-only case management conference and order to show
cause hearing are set for June 26, 2008, at 8:30 a.m.

Counsel for Plaintiff is to initiate the call.

Any opposition to the order to show cause explaining why sanctions should not
be imposed shall be filed by May 19, 2008.  Any reply may be filed by May 27,
2008.


DATE:  May 8, 2008          IT IS SO ORDERED:   _Ruben Brooks_
                                                Ruben B. Brooks,
                                                U.S. Magistrate Judge
cc:  Judge Benitez                              INITIALS:  VL (mg/irc)  Deputy
     All Parties of Record

K:\COMMON\BROOKS\CASES\PATE587\MJ------

                            Exhibit A2
                            (10 of 12)

# DUCKOR
# SPRADLING
# METZGER
# & WYNNE
A LAW CORPORATION

3043 4th AVENUE
SAN DIEGO, CALIFORNIA 92103
TELEPHONE (619) 209-3000
FACSIMILE (619) 209-3043
www.dsmwlaw.com

## FACSIMILE TRANSMITTAL

| TO: | FACSIMILE NO.: | TELEPHONE NO.: |
|---|---|---|
| Richard I. Cotter, Esq. | 619.255.3039 | 619.243.9295 |

| | |
|---|---|
| **FROM:** | Elizabeth Burke Vann |
| **RE:** | Barbara Pate v. The Elizabeth Hospice |
| **FILE NO.** | 3006-006 |
| **DATE:** | May 14, 2008 |

DESCRIPTION OF DOCUMENT, COMMENT OR SPECIAL INSTRUCTIONS:

**See attached letter and enclosures.**

NUMBER OF PAGES SENT:__7__  (including cover sheet)

THE PAGES COMPRISING THIS FACSIMILE TRANSMISSION CONTAIN CONFIDENTIAL INFORMATION FROM DUCKOR
SPRADLING METZGER & WYNNE.  THIS INFORMATION IS INTENDED SOLELY FOR USE BY THE INDIVIDUAL OR ENTITY
NAMED AS THE RECIPIENT HEREOF.  IF YOU ARE NOT THE INTENDED RECIPIENT, BE AWARE THAT ANY DISCLOSURE,
COPYING, DISTRIBUTION OR USE OF THE CONTENTS OF THIS TRANSMISSION IS PROHIBITED.  IF YOU HAVE RECEIVED THIS
TRANSMISSION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO WE MAY ARRANGE TO RETRIEVE THIS
TRANSMISSION AT NO COST TO YOU.

```
                                                         FAX HEADER:  DSM

  --  .,MITTED/STORED  :  MAY. 14. 2008   4:42PM
   :  MODE        OPTION        ADDRESS              RESULT        PAGE
 ..  MEMORY TX                  92553039             OK            7/7
```

REASON FOR ERROR
  E=1)  HANG UP OR LINE FAIL              E=2)  BUSY
  E=3)  NO ANSWER                         E=4)  NO FACSIMILE CONNECTION

DUCKOR
SPRADLING
METZGER
& WYNNE
A LAW CORPORATION

3043 4th AVENUE
SAN DIEGO, CALIFORNIA 92103
TELEPHONE (619) 209-3000
FACSIMILE (619) 209-3043
www.dsmwlaw.com

## FACSIMILE TRANSMITTAL

| TO: | FACSIMILE NO.: | TELEPHONE NO.: |
|---|---|---|
| Richard I. Cotter, Esq. | 619.255.3039 | 619.243.9295 |

| FROM: | Elizabeth Burke Vann |
|---|---|
| RE: | Barbara Pate v. The Elizabeth Hospice |
| FILE NO. | 3006-006 |
| DATE: | May 14, 2008 |

DESCRIPTION OF DOCUMENT, COMMENT OR SPECIAL INSTRUCTIONS:

See attached letter and enclosures.

NUMBER OF PAGES SENT: _7_   (including cover sheet)

THE PAGES COMPRISING THIS FACSIMILE TRANSMISSION CONTAIN CONFIDENTIAL INFORMATION FROM DUCKOR
SPRADLING METZGER & WYNNE. THIS INFORMATION IS INTENDED SOLELY FOR USE BY THE INDIVIDUAL OR ENTITY
NAMED AS THE RECIPIENT HEREOF. IF YOU ARE NOT THE INTENDED RECIPIENT, BE AWARE THAT ANY DISCLOSURE,
COPYING, DISTRIBUTION OR USE OF THE CONTENTS OF THIS TRANSMISSION IS PROHIBITED. IF YOU HAVE RECEIVED THIS
TRANSMISSION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO WE MAY ARRANGE TO RETRIEVE THIS
TRANSMISSION AT NO COST TO YOU.
PALM SPRINGS AREA OFFICE: 78100                          DESERT, CALIFORNIA 92211 • TELEPHONE (760) 361-3332 • FACSIMILE (760) 200-1340

Exhibit A2
(12 of 12)

1  John C. Wynne (Bar No. 83041)
   Elizabeth Burke Vann (Bar No. 249252)
2  **DUCKOR SPRADLING METZGER & WYNNE**
   A Law Corporation
3  3043 4th Avenue
   San Diego, California 92103
4  (619) 209-3000; (619) 209-3043 fax

5  Attorneys for Defendant
   ELIZABETH HOSPICE, INC.

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF SAN DIEGO

10

11  BARBARA E. PATE,                        CASE NO.: 37-2007-00069342-CU-OE-CTL

12                Plaintiff,                 NOTICE TO ADVERSE PARTY OF REMOVAL
                                             TO FEDERAL COURT
13        v.
                                             Date:      March 28, 2008
14  ELIZABETH HOSPICE, INC.,
                                             Action Filed:    June 27, 2007
15                Defendant.                 Trial Date:      None set

16

17

18        TO PLAINTIFF BARBARA E. PATE AND HER ATTORNEY OF RECORD:

19        PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

20  United States District Court for the Southern District of California on March 28, 2008.

21        A copy of the said Notice of Removal is attached to this Notice, and is served and filed

22  herewith.

23  DATED: March 28, 2008                    DUCKOR SPRADLING METZGER & WYNNE
                                             A Law Corporation
24

25

26  By: _____
                                             JOHN C. WYNNE
27                                           ELIZABETH BURKE VANN
                                             Attorneys for Defendant
28                                           ELIZABETH HOSPICE, INC.

DUCKOR
SPRADLING
METZGER
& WYNNE

**Exhibit A3**          E TO ADVERSE PARTY OR REMOVAL TO FEDERAL COURT
(1 of 21)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BARBARA E. PATE, an individual | ELIZABETH HOSPICE, INC., a California corporation |

| (b) County of Residence of First Listed Plaintiff    SAN DIEGO | County of Residence of First Listed Defendant    SAN DIEGO |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Richard I. Cotter, Esq., 3451 Goldfinch Street, San Diego, CA 92103; (619) 243-9295 | John C. Wynne, Esq., Duckor Spradling Metzger & Wynne, 3043 4th Avenue, San Diego, CA 92103; (619) 209-3000 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
ADA, 42 U.S.C. sections 12101, et seq.

Brief description of cause:
Disability discrimination, failure to accommodate and constructive discharge

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $25,000+

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____  DOCKET NUMBER _____

DATE  03/28/2008

SIGNATURE OF ATTORNEY OF RECORD   _John C Wynne_

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**Exhibit A3**
**(2 of 21)**

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: in land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.          Example:          U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.     Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

John C. Wynne (Bar No. 83041)
Elizabeth Burke Vann (Bar No. 249252)
**DUCKOR SPRADLING METZGER & WYNNE**
A Law Corporation
3043 4th Avenue
San Diego, California 92103
(619) 209-3000; (619) 209-3043 fax

Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barbara E. Pate, an individual, | CASE NO.: |
| Plaintiff, | NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. SECTION 1441(B) (FEDERAL QUESTION) |
| v. | |
| Elizabeth Hospice, Inc., a California Corporation; and Does 1-10 Inclusive, | Date:    March 28, 2008 |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT;

PLEASE TAKE NOTICE that Defendant ELIZABETH HOSPICE, INC. hereby removes to this Court the state court action described below.

1. On November 2, 2007 an action was commenced in the Superior Court of the State of California in and for the City and County of San Diego, entitled *Barbara E. Pate, an individual, Plaintiff, v. Elizabeth Hospice, Inc., a California Corporation; and Does 1-10, Inclusive, Defendants,* as case number 37-2007-00069342-CU-OE-CTL. A copy of the Summons and Complaint initiating the state court action is hereto attached as Exhibit "A".

2. Service of the summons and complaint was effectuated on Defendant Elizabeth Hospice, Inc. on February 28, 2008. A copy of the Notice and Acknowledgement of Receipt is hereto attached as Exhibit "B".

DUCKOR
SPRADLING
METZGER
& WYNNE

**Exhibit A3**    )VAL OF ACTION; UNDER 28 U.S.C. SECTION 1441(B) (FEDERAL QUESTION)
(4 of 21)

1        3.  This action is a civil action of which this Court has original jurisdiction under 28

2    U.S.C. Section 1331, and is one which may be removed to this Court by Defendant pursuant to

3    the provisions of 28 U.S.C. Section 1441(b) in that it arises under The Americans with

4    Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq.

5        4.  No other defendant has been served with the summons and complaint and thus there is

6    no other defendant party to join in this Notice of Removal.

7

8    DATED: March 28, 2008              DUCKOR SPRADLING METZGER & WYNNE
                                                    A Law Corporation
9

10

11                             By: _____

12                                JOHN C. WYNNE
                                                    ELIZABETH BURKE VANN
13                                Attorneys for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A3**
(5 of 21)                                                    Case No.

John C. Wynne, Esq. (SBN 83041)
DUCKOR SPRADLING METZGER & WYNNE
3043 4th Avenue
San Diego, CA 92103
(619) 209-3000

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA E. PATE, an individual<br><br>              Plaintiff<br><br>          v.<br><br>ELIZABETH  HOSPICE,  INC.,  a  California corporation; and DOES 1-10 Inclusive,<br><br>              Defendant | No.:<br><br>DECLARATION OF SERVICE<br><br>Person Served:<br><br>   Richard I Cotter, Esq.<br>   3451 Goldfinch Street<br>   San Diego, CA 92103<br><br>Date Served:<br><br>   March 28, 2008 |

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above-named person the following documents:

### NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B)

in the following manner:

                              check one)

1)  ☐   By personally delivering copies to the person served.

2)  ☐   By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid), copies to the person served at the place where the copies were left.

3)  ☐   By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4)  ☒   By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at San Diego, California, on March 28, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____March 28, 2008_____, at San Diego, California.

                                   Laura L. Van Story

mc 484                                                                    CSD-27
civ/crim 27 (5-82)

**Exhibit A3**
   (6 of 21)

1     John C. Wynne (Bar No. 83041)
      Elizabeth Burke Vann (Bar No. 249252)
2     **DUCKOR SPRADLING METZGER & WYNNE**
      A Law Corporation
3     3043 4th Avenue
      San Diego, California 92103
4     (619) 209-3000; (619) 209-3043 fax

5     Attorneys for Defendants

6

7

8                UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   Barbara E. Pate, an individual, | CASE NO.: |
| 12            Plaintiff, | CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO |
| 13       v. | FEDERAL COURT |
| 14   Elizabeth Hospice, Inc., a California Corporation; and Does 1-10 Inclusive, | Date:    March 28, 2008 |
| 15 | |
| 16         Defendants. | |

17

18       I. Laura L. Van Story, certify and declare as follows:

19       I am over the age of 18 years and not a party to this action.

20       My business address is 3043 4th Avenue, San Diego, California 92103, which is located in

21 the city, county and state where the mailing described below took place. On March 28, 2008, I

22 deposited in the United States Mail, a copy of the Notice to Adverse Party of Removal to Federal

23 Court dated March 28, 2008, a copy of which is attached to this Certificate.

24       I declare under penalty of perjury that the foregoing is true and correct.

25       Executed on March 28, 2008.

26

27                           Laura L. Van Story

28

DUCKOR
SPRADLING
METZGER
WYNNE

      **Exhibit A3**       te of Service of Notice to Adverse Party of Removal to Federal Court
      (7 of 21)

John C. Wynne, Esq. (SBN 83041)
DUCKOR SPRADLING METZGER & WYNNE
3043 4th Avenue
San Diego, CA 92103
(619) 209-3000

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA E. PATE, an individual<br><br>Plaintiff<br><br>v.<br><br>ELIZABETH HOSPICE, INC., a California corporation; and DOES 1-10 Inclusive,<br><br>Defendant | No.:<br><br>DECLARATION OF SERVICE<br><br>Person Served:<br><br>Richard l Cotter, Esq.<br>3451 Goldfinch Street<br>San Diego, CA 92103<br><br>Date Served:<br><br>March 28, 2008 |

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above-named person the following documents:

### CERTIFICATE OF SERVIE OF NOTICE OF ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

in the following manner:

check one)

1)  ☐  By personally delivering copies to the person served.

2)  ☐  By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid), copies to the person served at the place where the copies were left.

3)  ☐  By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4)  ☒  By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at San Diego, California, on March 28, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ March 28, 2008 _____, at San Diego, California.

Laura L. Van Story

mc 484
civ/crim 27 (5-82)

CSD-27

**Exhibit A3**
(8 of 21)

| SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

BARBARA E. PATE v. ELIZABETH HOSPICE, INC.

John C. Wynne, Esq. (Bar No. 83041)
DUCKOR SPRADLING METZGER & WYNNE
3043 4th Avenue
San Diego, CA 92103
(619) 209-3000

| Attorneys for:<br>Defendant ELIZABETH<br>HOSPICE, INC. | HEARING DATE-TIME-DEPT<br>Date:<br>Time:<br>Dept: | CASE NUMBER<br><br>37-2007-00069342-CU-OE-CTL |
|---|---|---|

**DECLARATION OF SERVICE**
[C.C.P. §§ 1013a and 2015.5]

I, Laura L. Van Story, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California, in which county the within-mentioned mailing occurred. My business address is 3043 4th Avenue, San Diego, California 92103. I served the following document(s):

**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

on the following:

Richard I. Cotter, Esq.                    Attorney for Plaintiff, Barbara E. Pate
Law Office of Richard I Cotter             Telephone: (619) 243-9295
3451 Goldfinch Street
San Diego, CA 92103

☒ **BY MAIL.** I am familiar with this firm's practice of collection and processing for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure §1013(a).

☐ **BY FAX.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed above. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

☐ **BY PERSONAL SERVICE.** I caused said document to be hand-delivered by a professional messenger service to the addressee pursuant to Code of Civil Procedure §1011.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed on March 28, 2008

Laura L. Van Story

**Exhibit A3**
(9 of 21)

ORIGINAL

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ELIZABETH HOSPICE, INC., a California Corporation;
and DOES 1 through 10, inclusive

F I L E D
Clerk of the Superior Court

JUN 27 2007

By:_____,Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BARBARA E. PATE, an individual

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* 37-2007-00069342-CU-OE-CTL |

Superior Court of the State of California
330 W. Broadway Street
330 W. Broadway Street
San Diego, California 92101
Central Division

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard I. Cotter                    (619)243-9295     (619)255-3039
Law Offices of Richard I. Cotter
3451 Goldfinch Street

| DATE: JUN 27 2007 | Clerk, by | D SMITH | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
              [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
              [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
              [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Manda
Judicial Council of Cal
SUM-100 [Rev. January

Exhibit A3
(10 of 21)

**SUMMONS**

Legal
Solutions
by Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Richard I. Cotter<br>Law Offices of Richard I. Cotter<br>3451 Goldfinch Street<br>San Diego, California 92103<br><br>TELEPHONE NO.: (619)243-9295   FAX NO.: (619)255-3039<br>ATTORNEY FOR (Name): Plaintiff Barbara E. Pate | **FOR COURT USE ONLY**<br><br>F I L E D<br>Clerk of the Superior Court<br><br>**JUN 27 2007**<br><br>By_____, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway Street
MAILING ADDRESS: 330 W. Broadway Street
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Central Division

CASE NAME:

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>37-2007-00069342-CU-OE-CTL |
|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812 )**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
    a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify)*: 3

5. This case [ ] is  [x] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015).*

Date: 6/27/2007

Richard I. Cotter
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.)  Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is _____ sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January

**Exhibit A3**
(11 of 21)

**CIVIL CASE COVER SHEET**

Legal
Solutions
☒ Plus

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19

1    RICHARD COTTER, ESQ. SBN 237479
3451 Goldfinch Street
2    San Diego, California 92103
Telephone (619) 243-9295
3    Facsimile (619) 255-3939

4    Attorney for Plaintiff Barbara Pate

F I L E D
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

JUN 27 2007

CLERK - SUPERIOR COURT
SAN DIEGO COUNTY, CA

5

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11    BARBARA E. PATE, an individual,

12           Plaintiff,
     v.

13    ELIZABETH HOSPICE, INC., a California
Corporation; and DOES 1-10 INCLUSIVE,

14

15         Defendant.

16

17

18

19

CASE NO.   37-2007-00069342-CU-OE-CTL

COMPLAINT FOR FAILURE TO
REASONABLY ACCOMMODATE AN
EMPLOYEE WITH A DISABILITY;
DISPARATE TREATMENT OF AN
EMPLOYEE WITH A DISABILITY;
WRONGFUL CONSTRUCTIVE
TERMINATION OF A PERSON WITH A
DISABILITY

Complaint filed:
Dept:
Judge:

20

21    COMPLAINT

22      Plaintiff, BARBARA E. PATE, alleges as follows:

23       1.     Plaintiff is an individual and all times relevant, was a resident of the County of

24          San Diego, State of California.

25       2.     Plaintiff is informed and believes that Defendant, ELIZABETH HOSPICE,

26          INCORPORATED(hereinafter "ELIZABETH HOSPICE") is incorporated under

27          the laws of the State of California, with its office and principle place of business

28          located at 150 W. Crest Street, Escondido, California 92025.

Exhibit A3
(12 of 21)

3. Plaintiff is ignorant of the true names and capacities of the defendant sued herein as DOES 1 through 10 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

4. Plaintiff is informed and believes and based thereon alleges that each of the defendants is responsible in some manner for the events herein alleged, and that defendants' conduct was and is the legal and proximate cause of plaintiff's damages.

5. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned each of the defendants was the agent and employee of each of the remaining defendants, and was at all times acting within the purpose and scope of such agency and employment.

6. A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") on February 5, 2007, within 300 days of the commission of the unlawful employment practice alleged herein.

7. Plaintiff is informed and believes that EEOC, in accordance with California Government Code § 12960, referred EEOC charge number 488-200700244 to California Department of Fair Employment and Housing ("DFEH") on February 6, 2007.

8. Plaintiff is informed and believes that pursuant to California Government Code § 12965(b), DFEH issued a Notice to Complainant of Right to Sue on February 6, 2007.

9. A Notification of Right to Sue was received from the EEOC on March 30, 2007.

10. This complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

11. All the discriminatory employment practices alleged herein were committed within the state of California.

12.  Plaintiff is informed and believes that ELIZABETH HOSPICE regularly employs more than five employees and is an "Employer" within the meaning of California Government Code § 12926(d).

13.  Plaintiff is a qualified individual with a disability within the meaning of California Government Code § 12926. During 2001 Plaintiff was diagnosed with Chronic Fatigue Syndrome and Fibroid Myalgia. Plaintiff informed ELIZABETH HOSPICE at the time of her hire that she had been diagnosed with these disabilities.

## STATEMENT OF FACTS

14.  On December 15, 2003, Plaintiff was hired by ELIZABETH HOSPICE and worked as a full time until _____.

15.  While employed by ELIZABETH HOSPICE, Plaintiff worked as a Medical Social Worker. Plaintiff fully, adequately and completely performed all of her job duties.

16.  Between December 15, 2003 and April 10, 2004, Plaintiff worked from home for a portion of her scheduled shift. Plaintiff worked from home with the knowledge and consent of two supervisors. Plaintiff worked at home to complete paper work and make telephone calls. Plaintiff generally started her shift from home.

17.  April 10, 2004, Plaintiff transferred to a new position as an Admissions Social Worker. Plaintiff worked from home on multiple occasions for a portion of her shift. Plaintiff worked from home with knowledge and consent of two supervisors. Plaintiff completed paper work and made telephone calls from home.

18.  Plaintiff's medical condition limited her major life activities; Plaintiff suffered from almost constant pain throughout her body; decreased ability to concentrate; frequent headaches; reduced physical stamina and fatigue; non-restorative sleep; and impaired memory. During June 2004-December 2004 Plaintiff was under increasing stress because of Plaintiff's disability, during June 2004-December 2004, plaintiff utilized her sick-leave exceeding the sick leave allowance dictated by ELIZABETH HOSPICE.

1    19.    On January 5, 2005, Defendant ELIZABETH HOSPICE supervisors issued a

2           Verbal Warning Counseling Statement regarding Plaintiff's use of sick time leave

3           during June-December 2004.

4    20.    On January 10, 2005, Admissions Supervisor, Veronica Giron-Stone gave

5           Plaintiff her annual performance evaluation. Ms. Giron-Stone informed Plaintiff

6           that she needed to start her shift from the office instead of working from home.

7           Ms. Giron-Stone indicated on the evaluation that Plaintiff needed to start from

8           home secondary to noise and distraction in the workplace.

9    21.    Plaintiff filed for Medical Leave of Absence June 8, 2006 related to stress and

10          increasing symptoms related to Plaintiff's disability. Upon release from Medical

11          Stress leave November 14, 2006 Plaintiff was informed that the only position

12          available to her was a week-end per-diem MSW. The weekend per-diem position

13          required her to be available 24 hours a day from Friday evening through Monday

14          morning.

15                              **FIRST CAUSE OF ACTION**

16          **DISPARATE TREATMENT OF A PERSON WITH A DISABILITY**

17                                  **Against All Defendants**

18    22.    Plaintiff refers to incorporates paragraphs 1 through 21 of the Complaint.

19    23.    On January 13, 2005, Plaintiff's treating physician submitted a letter formally

20          requesting reasonable accommodations for Plaintiff's disability. The

21          accommodations were to allow the plaintiff to work from home whenever

22          feasible; plaintiff's work week be limited to forty (40) hours per week; and on-call

23          time and regular work time should be limited to no more than 40 hours per week.

24    24.    On or about January 21, 2005, Jackie Siminou, RN, BSN, contacted Plaintiff's

25          treating physician, Dr. Stewart, and then summarized in a letter dated January 21,

26          2005, the accommodations that are requested for Plaintiff. The accommodations

27          requested were if possible less than a 40 hour work week and work from home

28          when ever possible.

---

COMPLAINT
4

25. On January 28, 2005, Plaintiff was requested by Laura Miller, CEO, to attend a meeting reviewing the request for accommodations that had been submitted. In response to the meeting request, Plaintiff, sent her supervisor, Ms. Giron-Stone, a letter indicating that there were no specific tasks that were required Plaintiff to be present in office. A copy of the American with Disabilities Act was provided to Ms. Giron-Stone.

26. On February 1, 2005, CEO, Laura Miller, presented Plaintiff with a contract detailing expectations. The contract stated that Plaintiff knew of the job responsibilities when she accepted the terms of the positions duties. In addition they allowed for modification of plaintiff's work day to 6 hours per day. Plaintiff would be expected to perform her share of on-call. The position Plaintiff held was a no work from home position. Plaintiff requested that a quite work space with limited distractions be provided instead of work from home. During the meeting Laura Miller asked why Plaintiff had no mentioned the medical condition pre-employment. During pre-employment physical in 2003 physician was informed of Plaintiff's diagnosis. In addition, Plaintiff informed that other staff similarly classified were allowed to work from home.

27. On May 28, 2005, a follow-up meeting was scheduled and attended by Andrea Goodwin, HR Director, Veronica Giron-Stone, and Jackie Siminou. Plaintiff requested Lois Mills-Brogan, LCSW to be present a the meeting but plaintiff was denied this request without explanation. At this time, no quite workstation had been provided as promised. Again, Plaintiff requested to work from home completing paper work and making telephone calls for approximately.

28. January 2005, Plaintiff sustained a fall in the her assigned office. On May 31, 2005, due to increasing pain as a result of the fall in the office, Plaintiff went on workers compensation leave. Plaintiff returned to work on October 5, 2005. Upon return to work Plaintiff was transferred to a different position. During January 2006, Plaintiff's previous Admissions MSW position became available. By March

COMPLAINT
5

1    2006 Plaintiff had returned to full time (40 hours) per week with no

2    accommodations being provided despite agreement to provide a quite disruption

3    free work station.

4    29.    Andrea Goodwin, Director of HR, indicated that working from home would be

5    allowed for at least 2 hours a day and should not be a problem. Plaintiff continued

6    to work full time in the hospital despite the promise. Other MSW or similarly

7    classified individuals were allowed to work from home to complete paper work.

8    30.    Individuals who covered for Plaintiff's position while she was out sick or off were

9    allowed to complete all or part of their shift from home. Elieen Fagan, LCSW,

10    who covered for Plaintiff would work per phone on all cases needing her

11    involvement. On May 8, 2006, Plaintiff was denied the opportunity to work from

12    home from 5:30-7:00 p.m.

13    31.    Plaintiff's medical symptoms were increasing and Plaintiff was scheduled an

14    appointment with her physician urgently on May 18, 2006 for the following day

15    May 19, 2006. Plaintiff requested personal leave for the physician's appointment

16    but supervisor Beth Nido denied the request. There were at least two other MSW

17    that cover for Plaintiff's time off that could have been utilized. The same

18    supervisor allowed an RN to attend non-medical appointment during the same

19    time period.

20    32.    Registered Nurses were allowed to work from home during this same period.

21    Even though Plaintiff was given verbal approvals that

22    **SECOND CAUSE OF ACTION**

23    **FAILURE TO ACCOMMODATE A PERSON WITH A DISABILITY**

24    **All Defendants**

25    33.    Plaintiff refers to incorporates paragraphs 1 through 21 and 23 through 32 of the

26    Complaint.

27    34.    When the Plaintiff returned to her previous position of Admission MSW, in

28    January 2006. No accommodations were followed. In addition, the agreement was

COMPLAINT

6

1     not followed. Plaintiff's work hours gradually increased back to 40 hours per

2     week. Defendants still had not provided a regular quiet and distraction free work-

3     space.

4     35.   Plaintiff discussed with Beth Nido staying home for two hours in the beginning of

5     shift. The burden was placed on Plaintiff to locate coverage in the hospitals for the

6     two hours Plaintiff would be out of the office. Plaintiff was never able to work

7     from home.

8     36.   On at least two occasions in May and June 2006, Plaintiff attempted to work from

9     home and was subject to repeated telephonic harassment by her supervisor Nido.

10    Other MSW covering for Plaintiff worked from home without permission nor

11    suffered with harassing telephone calls.

12    37.   Despite Plaintiff's request, ELIZABETH HOSPICE has refused to make

13    reasonable accommodation to Plaintiff by not providing a shortened work day; not

14    providing a quiet distraction free work area; grant time off for medical

15    appointments related to plaintiff's disability.

16    38.   ELIZABETH HOSPICE'S  failure to make reasonable accommodation to

17    Plaintiff's physical disability constitutes discrimination against Plaintiff with

18    respect to the terms, conditions, or privileges of employment. ELIZABETH

19    HOSPICE'S actions constitute a violation of Cal. Gov. Code Section 12940.

20    39.   ELIZABETH HOSPICE has failed to undertake any good faith efforts, in

21    consultation with Plaintiff, to identify and make a reasonable accommodation

22    with Plaintiff.

23    40.   In failing to make reasonable accommodation to Plaintiff's physical disability

24    ELIZABETH HOSPICE'S acted with malice or with reckless indifference to the

25    rights of Plaintiff.

26    41.   As a direct and proximate result of ELIZABETH HOSPICE'S discrimination on

27    the basis of disability, Plaintiff has suffered lost wages and benefits and lost

28    employment opportunities (promotions).

42. Defendant's failure to make reasonable accommodation to Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## THIRD CAUSE OF ACTION

## WRONGFUL CONSTRUCTIVE TERMINATION BASED ON DISABILITY DISCRIMINATION

### Against All Defendants

43. Plaintiff refers to incorporates paragraphs 1 through 21; 23 through 32; and 34 through 42 of the Complaint.

44. Plaintiff because of her disability was unable to accept 24 hour week-end per diem position because of the detrimental affect upon her health.

45. Defendants knew of the intolerable working conditions. Defendants purposefully created, engaged in and perpetuated the intolerable working conditions. Defendants were aware at all times of the adverse and deleterious effect of the intolerable working conditions on plaintiff and her health.

46. Defendants were aware of plaintiff's work-related disability. Plaintiff Barbara Pate's treating physician, Dr. Stewart, kept the defendants informed of plaintiff's physical condition.

47. The intolerable working conditions described herein were unusually aggravated and of a frequency as to be a continuous and ongoing pattern.

48. Because of the intolerable working conditions purposefully created and perpetuated by defendants, and defendants' refusal to provide reasonable accommodation to plaintiff Barbara Pate has been unable to return to work.

49. The defendants retaliated, and continue to retaliate, against plaintiff Barbara Pate because of her work-related disability. The defendants discriminated, and continue to discriminate, against the plaintiff by refusing minimal and reasonable

COMPLAINT
8

1    accommodation requests.

2    50.    Plaintiff Barbara Pate's inability to return to work is the direct result of

3    defendants' discriminating against plaintiff because of her work-related disability,

4    and was and is employer coerced.

5    51.    Defendants' conduct constitutes wrongful constructive discharge of plaintiff

6    Barbara Pate.

7    52.    There was no good cause for the wrongful constructive discharge of plaintiff

8    Barbara Pate.

9    53.    Plaintiff Barbara Pate has at all times apprised the defendants of her desire to

10   work, and her ability to work, with the following reasonable accommodation: a

11   shortened work week, or work from home, or provide a quiet distraction free

12   work-station, and allow for time off for physician appointments that cannot be

13   anticipated.

14                              **RELIEF REQUESTED**

15

16   Plaintiff requests the judgment of this Court against Defendant ELIZABETH HOSPICE as

17   follows:

18   54.    Find and hold that Plaintiff has suffered from Defendant's acts of discrimination

19   on the basis of disability;

20   55.    Order that Plaintiff be awarded the back pay She would have earned, with related

21   monetary benefits and interest thereon, had she been reinstated to her position as a

22   Admissions MSW on November 14, 2006.

23   56.    Award Plaintiff compensatory damages in an amount to be determined at trial of

24   this matter;

25   57.    Award Plaintiff her attorney fees, including litigation expenses, and the costs of

26   this action; and

27   58.    Grant such other and further relief as may be just and proper.

28   59.    Plaintiff demands trial by jury.

1

2

3   Dated: June 27, 2007

4                                                    _____
                                                     Richard I. Cotter, Esq.
5                                                    Attorney for Barbara E. Pate

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MARSHA BURNETT'S RESPONSE TO FORM INTERROGATORIES SET ONE
                              COMPLAINT
                                10

Exhibit A3
(21 of 21)

# Duckor Spradling Metzger & Wynne

Transactions Listing (wide) w/extended amount

Search Description:
matter id '3006-006' and transaction numbers 169219, 169181, 170141, 173054, 173370, 173411, 173484, 173507, 174234, 174415, 174416, 175192, 175232, 175258

**Exhibit A4**
(1 of 2)

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Stmn<br>Units | Stmn<br>Price | Extended<br>Amount |
|---|---|---|---|---|---|---|

*Component Type: Fees*

| Date | Prof | Narrative | Task | Units | Price | Amount |
|---|---|---|---|---|---|---|
| 4/3/2008 | EBV | 3006-006 / Elizabeth Hospice, The / Elizabeth Hospice adv. Barbara Pate<br>Email to Ms. Bird and Ms. Goodwin re Early Neutral Evaluation conference and requirements. | T | 0.30 | 250.00 | 75.00 |
| 4/4/2008 | EBV | 3006-006 / Elizabeth Hospice, The / Elizabeth Hospice adv. Barbara Pate<br>Review email from Ms. Goodwin re representatives at ENE Conference. | T | 0.10 | 250.00 | 25.00 |
| 4/7/2008 | EBV | 3006-006 / Elizabeth Hospice, The / Elizabeth Hospice adv. Barbara Pate<br>Telephone call to Andrea Goodwin re attendance of representative at Early Neutral Evaluation conference. | T | 0.20 | 250.00 | 50.00 |
| 5/5/2008 | EBV | 3006-006 / Elizabeth Hospice, The / Elizabeth Hospice adv. Barbara Pate<br>Telephone call to Andrea Goodwin re for ENE conference. | T | 0.20 | 250.00 | 50.00 |
| 5/7/2008 | JCW | 3006-006 / Elizabeth Hospice, The / Elizabeth Hospice adv. Barbara Pate<br>Prepare for ENE conference | T | 0.80 | 350.00 | 280.00 |
| 5/8/2008 | JCW | 3006-006 / Elizabeth Hospice, The / Elizabeth Hospice adv. Barbara Pate<br>Further preparation of for ENE conference | T | 0.30 | 350.00 | 105.00 |
| 5/8/2008 | JCW | 3006-006 / Elizabeth Hospice, The / Elizabeth Hospice adv. Barbara Pate<br>Conference with client | T | 0.10 | 350.00 | 35.00 |
| 5/8/2008 | JCW | 3006-006 / Elizabeth Hospice, The / Elizabeth Hospice adv. Barbara Pate<br>Attend ENE conference | T | 1.50 | 350.00 | 525.00 |
| 5/8/2008 | EBV | 3006-006 / Elizabeth Hospice, The / Elizabeth Hospice adv. Barbara Pate<br>Meeting with Andrea Goodwin and Eileen Bird in preparation for ENE conference. | T | 1.40 | 250.00 | 350.00 |
| 5/8/2008 | EBV | 3006-006 / Elizabeth Hospice, The / Elizabeth Hospice adv. Barbara Pate<br>Attend ENE Conference. | T | 1.50 | 250.00 | 375.00 |
| 5/14/2008 | EBV | 3006-006 / Elizabeth Hospice, The / Elizabeth Hospice adv. Barbara Pate<br>Review Court's order re ENE conference, deadlines, and order to show cause; draft letter to | T | 0.50 | 250.00 | 125.00 |

# Duckor Spradling Metzger & Wynne

Transactions Listing (wide) w/extended amount

Search Description:
Matter id '3006-006' and transaction numbers 169219, 169181, 170141, 173054, 173370, 173411, 173484, 173507, 174234, 174415, 174416, 175192, 175232, 175258

| Date | Prof | MatterID/Client Sort Matter Description Narrative | Component Task Code | Stmn Units | Stmn Price | Extended Amount |
|---|---|---|---|---|---|---|
| 5/21/2008 | EBV | 3006-006 / Elizabeth Hospice, The / Elizabeth Hospice adv. Barbara Pate<br>Plaintiff's counsel re Order, Electronic Filing, and request to meet and confer.<br>Begin Draft Reply in Support of Request for Sanctions. (Reduced to 3.0 for filing fee request with Court). | T | 3.00 | 250.00 | 750.00 |
| 5/22/2008 | EBV | 3006-006 / Elizabeth Hospice, The / Elizabeth Hospice adv. Barbara Pate<br>Finish Draft of Reply in Support of Sanctions and supporting declarations. | T | 3.10 | 250.00 | 775.00 |
| 5/22/2008 | EBV | 3006-006 / Elizabeth Hospice, The / Elizabeth Hospice adv. Barbara Pate<br>Prepare Billing records for Declarations supporting Reply In Support of Sanctions. | T | 0.30 | 250.00 | 75.00 |
| | | Component Type: Fees | | 13.30 | | 3,595.00 |
| | | Grand Total | | 13.30 | | 3,595.00 |

A4
(2 of 2)