John C. Wynne (Bar No. 83041)
Elizabeth B. Vann (Bar No. 249252)
**DUCKOR SPRADLING METZGER & WYNNE**
A Law Corporation
3043 4th Avenue
San Diego, California 92103
(619) 209-3000; (619) 209-3043 fax

Attorneys for Defendant
THE ELIZABETH HOSPICE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA E. PATE, | CASE NO.: 08-CV-0587 BEN RBB |
| Plaintiff, | DEFENDANT'S RULE 26(f) REPORT |
| v. | Magistrate: Ruben B. Brooks |
| THE ELIZABETH HOSPICE, INC., et al. | Action Filed: June 27, 2007<br>Trial Date: None set |
| Defendants. | |

Pursuant to Rule 26, Federal Rules of Civil Procedure and the Court's Order of May 8, 2008, counsel for Defendant The Elizabeth Hospice, Inc. ("TEH") directed two separate requests to Plaintiff's counsel for dates on which the parties could meet and confer on or before May 27, 2008.[1] *See* Declaration of Elizabeth Burke Vann, attached as Exhibit A to Defendant's Reply In Support of An Award of Sanctions Against Plaintiff and Counsel For Failure to Appear at Early Neutral Evaluation Conference filed on May 23, 2008. As Plaintiff's counsel has not responded to these requests, TEH independently submits this Case Management Statement and Rule 26(f) Report. Defendant additionally requests the Court to enter an Order amending the currently

---

[1] On May 9, 2008, and again on May 14, 2008, counsel for Defendant requested Plaintiff's counsel to provide a date to confer on or before May 27, 2008. Plaintiff's counsel has not responded. Due to a previously scheduled vacation, counsel for Defendant will be out of town from May 28th – June 7th, and is therefore filing this report independent of Plaintiff.

DUCKOR
SPRADLING
METZGER
& WYNNE
A LAW CORPORATION

383814.1

DEFENDANT'S RULE 26(f) REPORT

Case No. 08383814.1

scheduled deadlines of June 12, 2008, to lodge a discovery plan and of June 16, 2008, to exchange initial disclosures.

### A. BRIEF DESCRIPTION OF THE CASE

Plaintiff worked as a Medical Social Worker ("MSW") for The Elizabeth Hospice ("TEH") from December 15, 2003 to November 14, 2006, at which time she tendered her resignation. During her entire tenure with TEH, Plaintiff worked as an MSW, however, she transferred in and out of several MSW positions while there. The environment in which Plaintiff carried out her duties as an MSW varied with the location and nature of the position assignment and whether it involved providing care to admitted patients as an MSW part of a field-team, or whether it involved working to provide pre- and post- intake services, from Hospitals and/or from TEH, to individuals not yet admitted and/or assigned to a field-team for continuing care. Plaintiff alleges she suffered from a disability, fibromyalgia and chronic fatigue syndrome, and that Defendant discriminated against her on this basis, failed to accommodate her, and constructively discharged her by failing to provide reasonable accommodation. Defendant asserts that it provided several specific accommodations to Plaintiff when requested, including a flexible start-time and reduced hours, as well an abundance of leave without pay. In all instances in which Plaintiff claims she was not reasonably accommodated, the evidence will establish that she was either not a qualifying individual able to perform the essential functions of her position with or without an accommodation; that reasonable accommodation was in fact provided; or that Defendant was not obligated to accommodate Plaintiff as requested because it would have been unreasonable and/or amounted to an undue hardship. Moreover, Defendant asserts there is no evidence of discriminatory conduct or pretext as alleged.

### B. DISCOVERY PLAN

F.R.C.P. 26(f)(3)(A): Regarding the timing of the exchange of the initial disclosures required by Rule 26(a), the Court previously ordered initial disclosure to be exchanged on or before June 16, 2008. Given the failure of Plaintiff and her counsel to attend the ENE Conference and counsel's failure to respond to the request of Defendant's counsel to meet, as ordered and

pursuant to Rule 26, Defendant proposes that initial disclosures instead be made after the telephonic Scheduling Conference and OSC Hearing is held on July 26, 2008 at 8:30 AM.

F.R.C.P. 26(f)(3)(B): Defendant seeks discovery regarding Plaintiff's theory of liability, including all evidence in support of her claims of discrimination, as well as her claimed damages. Defendant does not currently propose that discovery be conducted in phases or limited to particular issues. Notwithstanding, Defendant reserves the right to request such changes if information provided by Plaintiff's counsel in the future warrants any bifurcation of discovery of discoverable issues. A proposed case schedule is set forth below.

F.R.C.P. 26(f)(3)(C): Defendant is not aware of any issues relating to disclosure or discovery of electronically stored information.

F.R.C.P. 26(f)(3)(D): Defendant is not aware of any issues relating to claims of privilege that will effect trial preparation in this case.

F.R.C.P. 26(f)(3)(E): Defendant does not currently propose any changes or limitations on discovery imposed and allowable under the Federal Rules of Civil Procedure other than a change in the date on which initial disclosures required under F.R.C.P. 16 should take place. Notwithstanding, Defendant reserves the right to request additional changes if information provided by Plaintiff's counsel in the future warrants such a request. A proposed case schedule is set forth below.

F.R.C.P. 26(f)(3)(F): Defendant does not currently anticipate the need for any protective orders but reserves the right to make such a request if information requested by Plaintiff's counsel in the future warrants such an order. Additionally, Defendant does intend to file a summary judgment motion during the course of this litigation. A proposed case schedule is set forth below.

**C. PROPOSED SCHEDULING ORDER**

| | |
|---|---|
| Telephonic Scheduling Conference/OSC Hearing | June 26, 2008, 8:30 AM |
| Lodge Discovery Plan (Currently June 12, 2008) | July 10, 2008 |
| Initial Disclosures (Currently June 16, 2008) | July 14, 2008 |
| Discovery Cut-Off | January 23, 2009 |
| Expert Discovery Cut-Off | February 20, 2009 |

| | | |
|---|---|---|
| 1 | Motion Cut-Off | March 27, 2009 |
| 2 | Dispositive Motions (Hearing Deadline) | April 24, 2009 |
| 3 | Pre-Trial Conference | May 22, 2009 |
| 4 | Trial | June 9, 2009 |

A proposed order rescheduling the dates on which the parties shall lodge a discovery plan and exchange initial disclosures is provided herewith.

Respectfully submitted,

DATED: May 28, 2008

DUCKOR SPRADLING METZGER & WYNNE
A Law Corporation


By: /s/ Elizabeth B. Vann
JOHN C. WYNNE
ELIZABETH B. VANN
Attorneys for Defendant
THE ELIZABETH HOSPICE, INC.