1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  BARBARA E. PATE,              )  Civil No. 08cv0587 BEN(RBB)
                                  )
12              Plaintiff,        )  ORDER DETERMINING ORDER TO
                                  )  SHOW CAUSE WHY PLAINTIFF AND
13  v.                            )  HER COUNSEL SHOULD NOT BE
                                  )  SANCTIONED [DOC. NO. 4]
14  ELIZABETH HOSPICE, INC., a    )
    California Corporation; and   )
15  DOES 1-10 INCLUSIVE,          )
                                  )
16              Defendants.       )
    _____)

17

18       On April 2, 2008, the Court issued an order scheduling an

19  early neutral evaluation conference (ENE) in this matter for May 8,

20  2008, at 2:00 p.m. (doc. no. 3.)  The Court's Case Management/

21  Electronic Case Filing system (CM/ECF) shows that the order was

22  electronically mailed to wynne@dsmwlaw.com and mccann@dsmwlaw.com;

23  the order was delivered by other means to Richard Cotter, 3451

24  Goldfinch Street, San Diego, California 92103.

25       On May 2, 2008, defense counsel John Wynne and Elizabeth Vann

26  appeared at the ENE with their client representatives.  Neither

27  Plaintiff nor her counsel appeared.  The Court issued an Order to

28  Show Cause why Plaintiff and her counsel should not be sanctioned

                                  1

for failing to attend the ENE; a telephonic hearing was set for June 26, 2008 [doc. no. 4].

On May 19, 2008, Plaintiff's counsel, Richard Cotter, filed his Declaration in Opposition to Order to Show Cause [doc. no. 6]; on May 23, 2008, defense counsel submitted a Reply, accompanied by the Declarations of John Wynne and Elizabeth Vann [doc. no. 8].  In the Reply, the Defendant, Elizabeth Hospice, Inc., requests that it be awarded $3,595.00 for the fees its attorneys incurred in preparing for the ENE, attending the conference, and submitting the reply memorandum.

Plaintiff's counsel states that he was not aware that this action had been removed to federal court and was unaware that an early neutral evaluation conference had been set.  (Decl. of Richard Cotter 2.)  He states that he did not receive the Answer to the Complaint filed by Defendant.  (<u>Id.</u>)

On March 28, 2008, defense counsel served a Notice of Removal, stating that it had removed the Plaintiff's state court action to federal court.  (Reply 2.)  On the same date, Defendant also filed and served a notice in the then-pending state court proceeding that the state case had been removed to federal court.  Both documents were served on Plaintiff's counsel by mail.  (<u>Id.</u>)  In addition, on April 2, 2008, the Defendant filed and served a copy of its Answer on Plaintiff's counsel by mail.  (<u>Id.</u>)

There is persuasive evidence that the three documents Defendant served on Plaintiff's counsel and the Court's order setting the early neutral evaluation conference were mailed to Cotter's business address.  There is no indication that the documents served by defense counsel or the Court's order were

08CV0587 BEN(RBB)

1   undeliverable or returned to their sender.  Indeed, in his

2   declaration dated May 18, 2008, Plaintiff's counsel states that he

3   is in the process of relocating to Orange County.  (Decl. of Cotter

4   2.)  Cotter indicates that the first order he received from the

5   Court was the May 8, 2008, minute order setting the order to show

6   cause hearing, which he first saw on May 18, 2008.  (<u>Id.</u>)

7   Likewise, he did not see a May 9, 2008, letter defense counsel

8   mailed and faxed to him until May 18, 2008.  (<u>Id.</u>)  The weight of

9   the evidence suggests that the Court's order setting the May 8,

10  2008, ENE was mailed to Plaintiff's counsel but was not brought to

11  his attention.

12      The Court does not question Cotter's statement that he was not

13  personally aware of the scheduled early neutral evaluation, but

14  defense counsel and two client representatives attended the ENE.

15  As a result of the failure of Plaintiff and her counsel to attend

16  the May 8, 2008, conference, the Defendant incurred various

17  expenses and seeks the payment of $3,595.00 to compensate it for

18  the fees incurred.  Under all these circumstances, a payment of

19  $600.00 from Plaintiff's counsel to Defendant is an appropriate

20  sanction.

21      IT IS SO ORDERED.

22

23  DATED:  June 27, 2008

        Ruben B. Brooks, Magistrate Judge
24      United States District Court

25  cc:
    Judge Benitez
26  All Parties of Record

27

28