John C. Wynne (Bar No. 83041)
Elizabeth B. Vann (Bar No. 249252)
**DUCKOR SPRADLING METZGER & WYNNE**
A Law Corporation
3043 4th Avenue
San Diego, California 92103
(619) 209-3000; (619) 209-3043 fax

Attorneys for Defendant
THE ELIZABETH HOSPICE, INC.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA E. PATE,<br><br>Plaintiff,<br><br>v.<br><br>THE ELIZABETH HOSPICE, INC., et al.<br><br>Defendants. | CASE NO.: 08-CV-0587 BEN RBB<br><br>**PARTIES JOINT RULE 26 REPORT**<br><br>Judge: Ruben B. Brooks<br>Action Filed: June 27, 2007<br>Trial Date: None set |

Pursuant to Rule 16(b) and Rule 26(f) of the Federal Rules of Civil Procedure, and the Court's April 2, 2008 Order Setting Rule 26 Compliance, Plaintiff BARBARA E. PATE and Defendant THE ELIZABETH HOSPICE, INC., through their respective attorneys of record, hereby submit this "Joint Rule 26 Report" to the Court.

A. Discovery Plan (F. R. Civ. P 26(f)):

    1. The court previously ordered Rule 26(a) disclosures to be served on or before July 14, 2008. The parties have stipulated to a brief extension of time to serve Rule 26(a) disclosures on or before July 21, 2008.

    2. The subjects on which discovery may be needed include but are not limited to:

        (a) When and what accommodations were requested by Plaintiff, including the specific disability the subject of any such requests;

- 1 -
PARTIES JOINT RULE 26 REPORT
385352.1    Case No. 08 CV 0587 BEN RBB

(b) Plaintiff's alleged failure, if any, to request all of the accommodations the subject of her complaint;

(c) Whether Defendant engaged in the interactive process regarding any accommodation requests made by Plaintiff;

(d) Whether Plaintiff engaged in the interactive process regarding any accommodation requests made by her, including the provision of necessary medical evidence in support of her requests;

(e) Whether Plaintiff could have performed the essential functions of her position with or without reasonable accommodation;

(f) Whether the accommodations allegedly requested would have caused undue hardship to Defendant;

(g) Whether other employees were permitted to work in a manner denied as an accommodation to Plaintiff; and

(h) The extent of Plaintiff's damages, if any.

The parties acknowledge that additional areas proper for discovery may be determined as this case progresses.

3. It is too early to determine whether any issues of privilege may arise as it regards Plaintiff's medical records, but the parties agree to participate in all requisite attempts to informally resolve any such disputes that may arise, and if unsuccessful, seek relief and/or protection as provided by the Federal and Local Rules of Civil Procedure.

4. The parties do not believe there should be any limitation on discovery, except as provided by statute or local rule.

5. The parties do not recommend the issuance of any other orders at this time.

B. Matters to be Addressed: Local Rule 16.5(l)(9)(b):

1. The parties do not believe this matter is complex.

2. Discovery should be conducted as set forth in the previously issued Scheduling Order.

3. Plaintiff is contemplating filing a motion to remand to state court and

DUCKOR
SPRADLING
METZGER
& WYNNE

385352.1

- 2 -
PARTIES JOINT RULE 26 REPORT

Case No. 08 CV 0587 BEN RBB

Defendant anticipates filing a dispositive motion at some future point in the case.

4. Plaintiff anticipates calling approximately five percipient witnesses and one expert witnesses regarding Fibromyalgia. Defendant anticipates calling approximately five to ten percipient witnesses and one to two expert witness regarding Fibromyalgia and Chronic Fatigue Syndrome, respectively.

5. The parties are willing to participate in an early settlement conference.

6. The parties would consider participating in mediation if early settlement attempts are not fruitful and preliminary discovery has been conducted.

7. None at this time.

Respectfully Submitted,

DATED: July 9, 2008

LAW OFFICES OF RICHARD I. COTTER

By: *[signature]*
RICHARD I. COTTER
Attorney for Plaintiff BARBARA E. PATE

DATED: July 9, 2008

DUCKOR SPRADLING METZGER & WYNNE
A Law Corporation

By: *[signature]*
JOHN Q. WYNNE
ELIZABETH BURKE VANN
Attorneys for Defendant THE ELIZABETH HOSPICE, INC

John C. Wynne, Esq. (SBN 83041)
Elizabeth B. Vann (SBN 249252)
DUCKOR SPRADLING METZGER & WYNNE
3043 4th Avenue
San Diego, CA 92103
(619) 209-3000

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA E. PATE, an individual<br><br>Plaintiff<br><br>v.<br><br>ELIZABETH HOSPICE, INC., a California corporation; and DOES 1-10 Inclusive,<br><br>Defendant | No.: 08-CV-0587 BEN RBB<br><br>**DECLARATION OF SERVICE**<br><br>Person Served:<br><br>Attorney for Plaintiff:<br>Richard I. Cotter, Esq.<br>3451 Goldfinch Street<br>San Diego, CA 92103<br>Fax: (619) 255-3039<br><br>Date Served: July 14, 2008 |

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above-named person the following documents:

**PARTIES JOINT RULE 26 REPORT**

in the following manner: (check one)

1) ☐ By personally delivering copies to the person served.

2) ☐ By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid), copies to the person served at the place where the copies were left.

3) ☐ By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4) ☒ By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at San Diego, California, on July 14, 2008July 14, 2008.

5) ☐ By fax transmission, I faxed the documents to the person at the fax number listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 14, 2008, at San Diego, California.

_Dawna Kirbey_
Dawna Kirbey